COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Chesapeake, Virginia


MICHAEL CRAIG POWELL
                                        OPINION BY
v.    Record No. 0026-99-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      DECEMBER 14, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                  AND COUNTY OF JAMES CITY
                Samuel T. Powell, III, Judge

        Greg H. Dohrman (Knicely & Cotorceanu, on
        brief), for appellant.

        Richard B. Smith, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Michael Craig Powell (appellant) was indicted by a grand

jury for one count of grand larceny, in violation of Code

§ 18.2-95.  At the conclusion of the Commonwealth's evidence,

the trial court struck the grand larceny charge but allowed the

case to proceed on a charge of accessory after the fact to a

grand larceny, a violation of Code § 18.2-19.  On appeal,

appellant contends the trial court erred in finding the evidence

sufficient to prove that he was an accessory after the fact to a

grand larceny.  For the following reasons, we reverse and

dismiss.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).  So viewed, the evidence established that on May 10, 1998, appellant was working at the "Toss-A-Ball" game booth at Busch Gardens in Williamsburg, Virginia.  Sergeant David Smith (Smith), an undercover security officer at Busch Gardens, gave appellant a marked $100 bill to play his game.  Smith correctly received $96 in change.

When questioned by security personnel whether he had a $100 bill, appellant first stated that he had cashed it with his supervisor.  Later that day, appellant admitted to Smith that he "had not been honest about the one hundred dollar bill and he did not give it to [his supervisor]."  Appellant told Smith that he had given the $100 bill to another employee named Kenny Lambert (Lambert).  At trial, Smith testified as follows:

> He also told me that Kenny was stealing lots
> of money from Busch Gardens and that Kenny
> had stolen between [$]120 to $200 just
> today, and that Kenny had asked [appellant]
> . . . to change the one hundred dollar bill
> out so that Kenny could seal [sic] the money
> -- conceal the money more easily.

Lambert was working the "Toss-A-Ball" game with appellant on May 10, 1998.  The marked $100 bill was never found.

At the conclusion of the Commonwealth's evidence, the trial court struck the grand larceny charge but allowed the case to proceed on a charge of accessory after the fact to a grand larceny committed by Lambert.  The trial court ruled as follows:

> However, the testimony from Sergeant Smith was that [appellant] knew that Kenny, whoever he is, was stealing the money and that [appellant] changed the hundred dollar bill for Kenny so that it would be easier for Kenny to get the money out of Busch Gardens.  That is an accessory after the fact.
>
>   *     *     *     *     *     *     *
>
> I'm going to strike the Commonwealth's evidence with regard to the grand larceny embezzlement . . . and we'll have the accessory after the fact to continue.

In his defense, appellant presented the testimony of Charles Petty (Petty), an ex-employee of Busch Gardens, who stated that it was very common for employees to change a $100 bill with other employees.  Petty also testified that he knew Lambert was taking "a lot" of money from Busch Gardens but was not sure how much money he had taken.

At the conclusion of all the evidence, the trial court found appellant guilty of being an accessory after the fact to a grand larceny, stating the following:

> From [appellant's] statement, I think it's reasonably fair for the Court to infer that he knew his friend was embezzling the money.  He gives [Lambert] a hundred dollars and his statement to the officer, which is unrefuted, is he gave it to him because it would be easier to get the money out of the

> -- out of Busch Gardens. That's aiding and abetting and assisting -- providing assistance to a person who is committing a crime and he is providing him with aid and comfort.

Accordingly, the trial court convicted appellant of being an accessory after the fact to a grand larceny, in violation of Code § 18.2-19.

## II.

Appellant argues that the evidence was insufficient to establish that he committed the crime of being an accessory after the fact to a grand larceny.[1] First, he contends that the evidence was insufficient to establish that the underlying crime had been committed. There was no evidence that Busch Gardens lost any money on May 10, 1998, or that Kenny Lambert's till was "short" that day. Although appellant stated that he thought Kenny Lambert had taken "between [$]120 to $200" from Busch Gardens, no corroborating evidence that the offense of grand larceny had been committed was introduced. We agree.

---

[1] Appellant also contends that the trial court erred in failing to grant his motion to strike at the conclusion of the Commonwealth's evidence and in allowing the case to proceed on the charge of accessory after the fact to a grand larceny. However, when a defendant presents evidence in his own behalf, after the trial court denies his motion to strike made at the conclusion of the Commonwealth's case-in-chief, the reviewing court considers the entire record to determine whether the evidence was sufficient. See Sheppard v. Commonwealth, 250 Va. 379, 387, 464 S.E.2d 131, 136 (1995). Having presented evidence in his defense, we conclude that appellant waived his initial motion to strike. Accordingly, we consider only the sufficiency of the evidence.

The Commonwealth must establish the following three elements to convict appellant of being an accessory after the fact:  "that the defendant:  (1) 'receive[d], relieve[d], comfort[ed], or assist[ed]' a felon (2) after knowing that the felon was guilty of committing a completed felony and (3) that the felony was, in fact, completed."  Dalton v. Commonwealth, 29 Va. App. 316, 326, 512 S.E.2d 142, 146-47 (1999) (en banc) (quoting Manley v. Commonwealth, 222 Va. 642, 644, 283 S.E.2d 207, 208 (1981)).  "By definition, a person cannot be an accessory without the existence of a principal offender.  Although conviction of the principal is not a condition precedent to conviction of an accessory, conviction of an accessory requires proof that the crime has been committed by a principal."  Redman v. Commonwealth, 25 Va. App. 215, 218, 487 S.E.2d 269, 271 (1997) (citations omitted); see also Sheppard v. Commonwealth, 250 Va. 379, 393, 464 S.E.2d 131, 140 (1995) (noting that "the felony must be completed" to prove that the accused was an accessory after the fact).

In the instant case, the evidence was sufficient to prove the first element of the accessory offense.  Appellant knew that Lambert was stealing money from Busch Gardens, and he assisted and aided Lambert in concealing that money.  However, the Commonwealth failed to prove the remaining two elements because the evidence was insufficient to establish that Lambert committed a larceny of $200 or more.

Grand larceny consists of the theft, not from the person of another, of goods and chattels valued at $200 or more. See Code § 18.2-95(ii). "This statutorily specified amount is an essential element of the offense, and the burden is on the Commonwealth to establish that element by proof beyond a reasonable doubt." Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d 475, 476 (1999). "Proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount." Id. (citing Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954)).

Appellant's statement that "Kenny was stealing lots of money from Busch Gardens and that Kenny had stolen between [$]120 to $200 just today" provides only a range of values, including an amount less than the statutorily required $200. Put simply, the Commonwealth failed to prove beyond a reasonable doubt the statutorily specified amount, which is an essential element of the offense. Nonetheless, the Commonwealth contends that, taken in the light most favorable to the Commonwealth, appellant's statement that Lambert "had stolen between [$]120 to $200" was sufficient to establish the requisite $200 value and that we are bound by this reasonable inference. Appellant's statement, however, established only a range of possible values and does not constitute proof beyond a reasonable doubt that a

theft of $200 occurred.  Additionally, although Petty, an ex-employee of Busch Gardens, testified that he knew Lambert was taking "a lot" of money from Busch Gardens, he was not sure how much money Lambert had taken or that Lambert had stolen at least $200 on May 10, 1998.  See Lew v. Commonealth, 20 Va. App. 353, 355, 457 S.E.2d 392, 393 (1995) ("Evidence offered to prove the corpus delicti in a trial for larceny is insufficient where the evidence fails to prove that property has been stolen from another . . . .").

Absent evidence that Lambert had committed a grand larceny of at least $200, the Commonwealth failed to prove the corpus delicti of the principal offense.  Because the Commonwealth failed to prove the elements of the underlying grand larceny, the evidence was insufficient as a matter of law to establish appellant's guilt as an accessory after the fact to a grand larceny.  See Cherrix v. Commonwealth, 257 Va. 292, 305, 513 S.E.2d 642, 651 (1999) ("[I]n every criminal prosecution, the Commonwealth must prove the element of corpus delicti, that is, the fact that the crime charged has been actually perpetrated.").  Accordingly, appellant's conviction is reversed and dismissed.

Reversed and dismissed.