BENTON, J., with whom FITZPATRICK, C.J., and ELDER, J.,
join, dissenting.
In pertinent part, Code § 18.2-200.1 provides as follows:
If any person obtain from another an advance of money, ... with fraudulent intent, upon a promise to perform construction, removal, repair or improvement of any building ... and fail or refuse to perform such promise, and also fail to substantially make good such advance, he shall be deemed guilty of the larceny of such money ... if he fails to return such advance within fifteen days of a request to do so sent by certified mail, return receipt requested, to his last known address or to the address listed in the contract.
(Emphasis added). Because it is a criminal statute, “Code § 18.2-200.1, must be strictly construed ... [to mean that] the notice requirement of the statute [is] a material element of the offense charged.” Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991). Thus, to sustain a conviction, the evidence must prove “beyond a reasonable doubt” that the notice requirement of the statute was satisfied. Id.
The majority distinguishes the notice requirement of this statute from a similar notice requirement in Code § 6.1-117 (now Code § 18.2-183) on the basis that the latter statute *542 expressly requires that the certified or registered mail be “evidenced by return receipt.” I believe the majority’s distinction is nonessential and that the Supreme Court’s holding in Rinkov v. Commonwealth, 213 Va. 307, 191 S.E.2d 731 (1972), which interprets the notice provision of Code § 6.1-117, is binding on our application of Code § 18.2-200.1 to this case. Therefore, I dissent.
Code § 6.1-117 (now Code § 18.2-183) allowed proof of refusal of a check for insufficient funds to be “prima facie evidence of intent to defraud.” The statute also provided that “[njotice mailed by certified ... mail, evidenced by return receipt, to the last known address of the maker ... shall be deemed sufficient ... to notice having been received by the maker.” Code § 6.1-117 (now Code § 18.2-183). In Rinkov, the Supreme Court construed the statute and held as follows:
Manifestly, the purpose of requiring the notice to be sent by registered or certified mail, and evidenced by a receipt, is to have not only evidence of the required mailing to the defendant, but also evidence that the notice was either received in person by the defendant (as would be shown by his signature on the return receipt), or that the letter did in fact reach the last known address of the defendant and was there accepted by someone at that address. Otherwise there would be no reason for the statute to require the notice be sent by registered or certified mail and evidenced by a return receipt.
213 Va. at 310, 191 S.E.2d at 733. Essentially, the Rinkov holding explains that the purpose of requiring a return receipt is to provide documentary proof that the notice was mailed and was received by the accused or by someone at the accused’s last address. Id.
In the case of a prosecution under Code § 18.2-200.1, the Commonwealth must prove the statutory elements of “fraudulent intent ... and failing] or refusing] to perform [a prior] promise, and also fail[ing] to substantially make good [an] advance [of money].” Code § 18.2-200.1 (emphasis added). Before the accused “shall be deemed guilty of the larceny” as *543 provided by the statute, the Commonwealth must prove beyond a reasonable doubt the accused “fail[ed] to return such advance within fifteen days of a request to do so sent by certified mail, return receipt requested.” Id. As the Supreme Court observed in Rinkov, and as applicable here, the language of the statute creates “a rule of evidence upon which the Commonwealth may rely in facilitating proof of the fraudulent intent.” 213 Va. at 309, 191 S.E.2d at 733. As the Court further noted in Rinkov, a return receipt is not a necessity created by the postal service for certified mailings but, rather, is a statutory requirement that reflects a legislative “reason for the statute.” Id. at 310, 191 S.E.2d at 733. This statutory requirement, that the request be “sent by certified mail, return receipt requested,” provides clear legislative intent that the Commonwealth must prove by the return receipt that the request was sent and that someone at the accused’s last known address received it. To prove the statutory requirement that the accused “fail[ed] to return such advance within fifteen days of a request to do so,” Code § 18.2-200.1, and to invoke the statutory presumption, the Commonwealth must prove, by means of the return receipt, the mailing of that request. For that is the method required by statute.
A long-standing principle of statutory interpretation holds that words should be given their ordinary meaning unless otherwise defined. See Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982). It is generally understood that the request of a return receipt for certified mail provides the means to confirm by signatures that the intended recipient or someone at the recipient’s address actually received the item. In this case, the Commonwealth only proved that Sandra Frazier sent a request to Thomas Holsapple by certified mail return receipt requested. The Commonwealth did not introduce a copy of the return receipt, which would have evidenced both the mailing and whether the letter was received. Under these circumstances, I would hold, as the Court held in Rinkov, that where a statute requires a mailing and a return receipt, the Commonwealth must prove the return receipt so as
*544 to have not only evidence of the required mailing ... but also evidence that the notice was either received in person by the defendant (as would be shown by his signature on the return receipt), or that the letter did in fact reach the last known address of the defendant and was there accepted by someone at that address.
213 Va. at 310, 191 S.E.2d at 733.
The Commonwealth presented no evidence that Holsapple actually received the letter or that anyone received the letter on Holsapple’s behalf. Instead, the Commonwealth relies on Robertson v. Commonwealth, 12 Va.App. 854, 856-57, 406 S.E.2d 417, 418-19 (1991), asserting that the law presumes that post office clerks and prison officials have properly discharged their official duties and, therefore, the burden was on Holsapple to prove he did not receive the letter. In Robertson and its predecessors, we applied this presumption in determining whether, for evidentiary purposes, the chain of custody was satisfied. See also Smith v. Commonwealth, 219 Va. 554, 559, 248 S.E.2d 805, 808 (1978). In determining such evidentiary matters, we have held that the Commonwealth must prove by “reasonable assurance” that the evidence presented at trial is in the same condition as it was when obtained by the police. Robertson, 12 Va.App. at 857, 406 S.E.2d at 419. Although this presumption satisfies the “reasonable assurance” standard for evidentiary matters, it is, however, insufficient to satisfy the constitutional requirement that the Commonwealth prove beyond a reasonable doubt each essential element of an offense. See Jackson v. Virginia, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Powell v. Commonwealth, 31 Va.App. 167, 172, 521 S.E.2d 787, 790 (1999) (holding that “the burden is on the Commonwealth to establish ... element [of crime] by proof beyond a reasonable doubt”). Therefore, I would hold that the Commonwealth failed to prove beyond a reasonable doubt the notice requirement, which is an element of the offense under Code § 18.2-200.1.
In sum, I believe the majority’s holding contradicts the Supreme Court’s holding in Rinkov. I would hold that Rinkov binds our construction of the statutory required notice *545 and, therefore, I would hold that the evidence is insufficient to invoke the terms of the statute “deem[ing]” Holsapple guilty of larceny under Code § 18.2-200.1. Accordingly, I would reverse the conviction and dismiss the indictment.