COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued at Salem, Virginia


CALVIN LOVELL HURT

                                                     MEMORANDUM OPINION[*] BY
v.        Record No. 0560-05-3                        JUDGE WILLIAM G. PETTY
                                                         NOVEMBER 7, 2006
COMMONWEALTH OF VIRGINIA



FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

Carter B. Garrett (Garrett & Garrett, P.C., on brief), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Appellant, Calvin Lovell Hurt, appeals his conviction following a jury trial for possession of

cocaine with the intent to distribute in violation of Code § 18.2-248.  Hurt contends the trial court

erred by denying his motion to strike, which he based on the Commonwealth's alleged failure to

establish the chain of custody of the cocaine.  Hurt also argues that the evidence presented at trial

was insufficient to support a finding of intent to distribute cocaine.  For the reasons discussed

below, we disagree with Hurt and affirm his conviction.

I. BACKGROUND

"Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences

fairly deducible therefrom."  Powell v. Commonwealth, 31 Va. App. 167, 169, 521 S.E.2d 787, 788

(1999).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On August 13, 2003, Bedford County Sheriff's Investigator Franklin Harmony and Sergeant Brian McAlexander arrested Hurt on an outstanding capias. As Hurt was being arrested, Harmony saw something fall away from Hurt's left side. After the officers handcuffed Hurt, Harmony turned around and saw what he believed to be two bags of narcotics lying on the bumper of the car next to where Hurt had been standing. Harmony called McAlexander's attention to the items on the bumper, which McAlexander described as "two plastic sandwich bags." Harmony then picked up the bags, and he and McAlexander examined them. McAlexander stated that one bag "contained a brown plant material that looked to me to be marijuana. The other one contained material that appeared to be crack cocaine." Harmony described the packaging as "crinkled plastic." The Division of Forensic Science later confirmed that the bags contained, respectively, 1.7 grams of marijuana and 4.82 grams of crack cocaine, which was divided into fourteen individual, separately wrapped rocks.[1]

## A. Chain of Custody

Harmony turned the bags over to McAlexander, who subsequently delivered the evidence to Investigator Boyd Royer, the evidence custodian for the City of Bedford Police Department. Royer testified that, to the best of his recollection, he received the evidence from McAlexander with its seal intact and bearing Harmony's signature. Royer also stated that his procedure upon receiving evidence was to log it into the computer and lock it into the evidence room; in this case, Royer also placed the bag into a "separate narcotics filing cabinet" used to store "suspected narcotics as an extra security measure." Royer and supervisor Lieutenant Bennett were the only people who had access to the evidence room.

---

[1] Hurt was indicted for possession of marijuana as well as for possession of cocaine with intent to distribute. The Commonwealth *nolle prosequied* the marijuana charge.

Harmony later testified that he retrieved the evidence from the evidence storage room for the purpose of packaging it for delivery to the forensic science laboratory, and completed the request for laboratory examination form. Harmony could not recall whether he received the evidence from Royer or Bennett. After preparing the laboratory examination form, Harmony gave the evidence to Royer, who was responsible for transporting it to the laboratory. Royer took the evidence to the laboratory and submitted it for examination. Harmony, McAlexander, and Royer each testified that he did nothing to affect or change the nature or character of the evidence while it was in his possession.

Chris Bryant, a forensic chemist supervisor at the Western Regional Laboratory of the Division of Forensic Science, also testified at trial. Bryant stated that she analyzed both samples, found them to be marijuana and cocaine, and prepared a certificate of analysis consistent with her findings. Royer picked the samples up from the laboratory after the analysis was completed.

### B. Intent to Distribute

Based on his training and experience as a narcotics officer, Harmony testified that two factors he typically used to distinguish narcotics for personal use from narcotics for distribution were (1) the amount of drugs, and (2) the way the drugs were packaged. Here, Harmony testified that, in his expert opinion, the amount of drugs, the way in which they were packaged, and the lack of drug paraphernalia in Hurt's possession at the time of his arrest, indicated that the drugs were for distribution rather than personal use.

Forensic chemist Bryant testified that in her position, she had observed the various ways crack cocaine is packaged. Her experience allowed her to observe various packaging through the receipt of evidence and through preparing various materials to look like packaged crack cocaine for the purpose of reverse buys. Bryant believed the crack cocaine in this case was more consistent with distribution because each of the fourteen rocks weighed approximately 0.3 gram:

- 3 -

"They would all be then single units, possibly all considered the same price, because they all weighed, approximately, the same amount."

### C. Motion to Strike

At the end of the Commonwealth's evidence, Hurt made a motion to strike arguing that Harmony's uncertainty about whether he received the evidence for packaging from Bennett or Royer constituted a break in the chain of custody. He contended that, since Bennett, who potentially had custody of the evidence, did not testify, the Commonwealth failed to establish that the substance seized from him was crack cocaine. Hurt also moved to strike on the sufficiency of the evidence to establish the intent to distribute.

The trial court denied both motions. In its ruling on the motion to strike based on chain of custody, the trial court noted that the evidence had been admitted without objection, but stated, "the Commonwealth is still required to prove that the substance which the Commonwealth alleges was in the defendant's possession was, in fact, cocaine," a determination that is for the jury. The trial court treated the motion "not as an issue of admissibility but rather a motion to strike and in that respect the court rules that sufficient evidence has been made as to a jury issue" for each side to argue its respective position.

### II. ANALYSIS

While Hurt argues that the trial court erred by denying the motions to strike, the Commonwealth argues that Hurt waived his chain of custody argument pursuant to Rule 5A:18 by failing to object to the evidence at the time it was introduced. In the alternative, the Commonwealth contends that there is sufficient evidence to show that the cocaine entered into evidence at the trial was the same substance retrieved by Harmony. The Commonwealth further maintains that there was sufficient evidence of intent to distribute to support the jury's finding.

## A. Standard of Review

This Court must "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it" when examining the sufficiency of the evidence below. Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see Code § 8.01-680. We do not, therefore, "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from proven facts are matters to be determined by the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

## B. Chain of Custody

We reject the Commonwealth's argument that Hurt waived his entire chain of custody argument by failing to object to the admission of the evidence. Although he referred to the concept of the chain of custody in his motion to strike, Hurt brought the issue of the sufficiency of the evidence to the trial court's attention. The trial court heard argument from the parties and ruled that, while an objection to admissibility was improper at that point, a motion to strike was not. The trial court reasoned that the motion to strike in this case required it to determine whether the Commonwealth had provided evidence sufficient for a reasonable jury to find, beyond a reasonable doubt, that the substance seized from Hurt was cocaine. See Jones v. Commonwealth, 21 Va. App. 435, 441, 464 S.E.2d 558, 561 (1995) (*en banc*) (rejecting a similar procedural default argument when the appellant made a motion to set aside the verdict based on a chain of custody issue).

- 5 -

Generally, an argument regarding the chain of custody arises in the context of an objection to the admissibility of evidence. See, e.g., Crews v. Commonwealth, 18 Va. App. 115, 442 S.E.2d 407 (1994). In this case, however, the trial court was presented with a different question: whether the Commonwealth presented sufficient evidence at trial for a reasonable trier of fact to find a requisite element of the offense. To convict an accused of possession with intent to distribute, the Commonwealth must prove beyond a reasonable doubt that, *inter alia*, the accused "possessed . . . a controlled substance." Code § 18.2-248(A). Thus, while the term "chain of custody" is most often used in discussing the admissibility of evidence, it also has relevance to whether the Commonwealth has met its burden of proving that the substance Hurt possessed was the same substance subsequently tested, found to be cocaine, and admitted into evidence at trial. "The purpose of the chain of custody rule is to establish that the evidence obtained by the police was the same evidence tested." Robertson v. Commonwealth, 12 Va. App. 854, 857, 183 S.E.2d 417, 419 (1991).

Before the trial court, Hurt argued that the Commonwealth failed to prove he possessed cocaine because of the uncertainty in the testimony over whether Harmony had received the evidence for packaging from Royer, who testified at trial, or Bennett, who did not.[2] Therefore, we must determine on appeal whether the absence of Bennett's testimony precluded a reasonable jury from determining that the evidence sent to the laboratory was the same substance seized at the scene. In declining to agree with appellant, we are mindful that "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that

---

[2] On brief, Hurt also points to vagueness in the evidence concerning whether Harmony or McAlexander sealed and identified the evidence prior to giving it to the evidence custodian. The procedure the officers used to seal the suspected narcotics in an evidence bag or otherwise mark the items for identification was not developed during the officers' trial testimony. We are constrained by Rule 5A:18 to consider only those arguments made before the trial court. See Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).

spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

We hold that there was sufficient credible evidence for the jury to find that Hurt possessed cocaine as charged, despite the absence of Bennett's testimony. While neither Harmony nor McAlexander specifically identified the drugs admitted into evidence as one of the items they recovered from the car's bumper, the jury heard Harmony and McAlexander testify that they examined the bag of crack cocaine at the scene. The jury also heard Harmony describe the packaging as a crinkled sandwich bag containing fourteen individually wrapped rocks of crack cocaine.

Moreover, the evidence custodian, Royer, testified that the Commonwealth's exhibit was the same bag that he had received from McAlexander, in a sealed condition, bearing Harmony's initials. Since the evidence had been identified with Harmony's initials, the jury was entitled to infer that it was the same evidence originally submitted by McAlexander. The forensic chemist, Bryant, corroborated the officers' testimony when she described the cocaine and the manner in which it was packaged when she received it. The cocaine was admitted into evidence as well, giving the jury an opportunity to observe the appearance of the substance as well as the manner in which it was packaged. Taken as a whole, all of this evidence formed a sufficient basis upon which a reasonable jury could conclude that the cocaine admitted at trial was the same substance Harmony seized from Hurt. Accordingly, the trial court did not err by denying the motion to strike the evidence.

### C. Intent to Distribute

Hurt also argues that there was insufficient evidence to support the jury's determination that he possessed the cocaine with the intent to distribute. In the absence of direct evidence of drug distribution, "intent to distribute 'must be shown by circumstantial evidence.'" Askew v.

Commonwealth, 40 Va. App. 104, 108, 578 S.E.2d 58, 60 (2003) (quoting Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988)). "In determining whether a defendant is guilty of possession with the intent to distribute, the trier of fact is entitled to weigh all the circumstances in a given case." Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 14 (1991). The amount of drugs seized from the accused, if greater than that ordinarily possessed for personal use, "may be sufficient to establish an intent to distribute." Askew, 40 Va. App. at 109, 578 S.E.2d at 60-61. Other factors to be considered are the absence of paraphernalia indicating personal drug use and the method used to package the drugs. Rice v. Commonwealth, 16 Va. App. 370, 372-73, 429 S.E.2d 879, 880-81 (1993).

The Commonwealth presented expert testimony from both Harmony, who is a trained narcotics officer, and forensic chemist Chris Bryant, who is familiar with the packaging of crack cocaine for sale. Harmony testified that the amount of cocaine was inconsistent with personal use, and both Harmony and Bryant testified that the manner in which the cocaine was packaged – fourteen roughly equal, individually packaged rocks – was typical of the way crack cocaine is packaged for sale. Furthermore, Harmony testified that he did not find any drug paraphernalia, such as a crack pipe or other smoking device, in Hurt's possession at the time of arrest. Thus, the evidence was sufficient for the jury to determine that Hurt intended to sell the crack cocaine.

III. CONCLUSION

Based on the above discussion, we hold that the Commonwealth presented sufficient evidence at trial to support Hurt's conviction for possession of cocaine with the intent to distribute. Therefore, we affirm.

Affirmed.