## Salem

BUFORD HOUSTON ROBERTSON, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1633-89-3

Decided July 1, 1991

COUNSEL

Raymond L. Palmer (Early, Palmer & Palmer, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**DUFF, J.**—Buford Houston Robertson, Jr. appeals his convictions of four counts of distribution of cocaine. He challenges: (1) the testimony of the Commonwealth's expert witness regarding the definition of a Schedule II drug; (2) the chain of custody; and (3) the sufficiency of the evidence.

On appeal, we view the evidence in the light most favorable to the Commonwealth. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). When so viewed, the record shows the following:

Floyd J. James, a convicted felon and former drug user, worked as an "undercover agent" for the Danville Police Department. James had known the defendant for about thirteen years. On four

occasions, James purchased varying amounts of cocaine from the defendant. Before each sale, James met with police officers who searched him, fitted him for a hidden voice transmitter, provided him with cash, and sent him out looking for Robertson to purchase cocaine. On three separate occasions, James paid Robertson cash and received cocaine directly from him. Audio tapes were made on each of these occasions, which were introduced at trial.

■ Robertson asserts the trial court erred by allowing the Commonwealth's expert witness to classify cocaine as a Schedule II substance, and to testify further as to the definition of a Schedule II substance. We agree with Robertson's argument that "the testimony was irrelevant to the issue." The Commonwealth's expert defined a Schedule II substance as "any substance that has a high potential for abuse and has limited medical use," which is simply the statutory definition. Testimony designed to establish matters of law "has no probative value" and should not be allowed. *State Farm Mut. Auto. Ins. Co. v. Smith*, 206 Va. 280, 290, 142 S.E.2d 562, 569 (1965), overruled by *State Farm Mut. Auto. Ins. Co. v. Jones*, 238 Va. 467, 383 S.E.2d 734 (1989). We find no support, however, for the proposition that this testimony inflamed the passions of the jury. The expert's testimony did not detail "horrors" or otherwise interject "an element of passion into the trial prejudicial to the accused." *Smith v. Commonwealth*, 223 Va. 721, 723-24, 292 S.E.2d 362, 363-64 (1982). The testimony, although erroneously admitted, was so innocuous that we do not hesitate to say it was harmless. *See, e.g., Lane v. Commonwealth*, 223 Va. 713, 717-18, 292 S.E.2d 358, 360-61 (1982). Therefore, the trial court did not commit reversible error.

Robertson next alleges that the Commonwealth failed to establish a continuous chain of custody of the cocaine seized from his home. The evidence reveals that the police mailed the cocaine to the laboratory in sealed packages, with identifying markings. The Commonwealth's expert witnesses testified that the packages were received by an authorized agent at the laboratory, and when received each package was still sealed with police evidence tape. Therefore, the only possible break in the chain of custody was the period of time when the cocaine was in the hands of the Postal Service.

■ In the absence of clear evidence to the contrary, courts may presume that public officers have properly discharged their official

duties. *Smith v. Commonwealth*, 219 Va. 554, 559, 248 S.E.2d 805, 808 (1978); *Murdock v. Nelms*, 212 Va. 639, 642, 186 S.E.2d 46, 49 (1972). Postal Service clerks are included in this presumption of regularity. *United States v. Cook*, 580 F. Supp. 948, 955 (N.D. W. Va. 1983), *aff'd*, 782 F.2d 1037 (4th Cir. 1986). Robertson presented no evidence to establish that any of the bags of cocaine were mishandled by the Postal Service. Robertson alleges mere possibilities of mishandling, which are not proof. Therefore, in the absence of any evidence of tampering or mishandling, the trial court was justified in presuming that the cocaine was properly handled while in the hands of the Postal Service.

■ The purpose of the chain of custody rule is to establish that the evidence obtained by the police was the same evidence tested. "[W]here the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis." *Horsley v. Commonwealth*, 2 Va. App. 335, 338, 343 S.E.2d 389, 390 (1986) (quoting *Rodgers v. Commonwealth*, 197 Va. 527, 531, 90 S.E.2d 257, 259-60 (1955)). In offering this evidence, the Commonwealth, however, "is not required to exclude every conceivable possibility of substitution, alteration or tampering." *Pope v. Commonwealth*, 234 Va. 114, 129, 360 S.E.2d 352, 357 (1987), *cert. denied*, 485 U.S. 1015 (1988). Instead, the Commonwealth was required to establish with "reasonable assurance" that the evidence analyzed and presented at trial was in the same condition as it was when obtained by police. *Id.* In the present case, the Commonwealth met this burden by establishing that the packages of cocaine that were mailed to the laboratory remained sealed and were in the same condition when received by the laboratory as when they were mailed by the police. *See Dotson v. Petty*, 4 Va. App. 357, 363-64, 358 S.E.2d 403, 406-07 (1987). The chain of custody was sufficiently established and the cocaine was properly admitted into evidence.

(5) Finally, Robertson challenges the sufficiency of the evidence to support his convictions. His argument focuses on the testimony of the Commonwealth's key witness, Floyd James. The credibility of all witnesses and the weight accorded their testimony are matters solely for the fact finder, who has the opportunity of seeing and hearing the witnesses. *Schneider v. Commonwealth*, 230 Va.

379, 382, 337 S.E.2d 735, 736-37 (1985). All of the circumstances which Robertson alleges made James an incredible witness were before the jury, who resolved the issue of credibility in favor of Floyd James. The jury's finding may only be disturbed on appeal if this Court finds that James' testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." *Fisher v. Commonwealth*, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984). The evidence, viewed in the light most favorable to the Commonwealth, does not support this conclusion. *See Higginbotham*, 216 Va. at 352, 218 S.E.2d at 537.

Accordingly, the convictions appealed from are

*Affirmed.*

Koontz, C.J., and Benton, J., concurred.