COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia

JAMES ANTHONY BROCKETT

v.          Record No. 1483-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                       OCTOBER 31, 1995

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Kenneth N. Whitehurst, Jr., Judge

Andrew G. Wiggin, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

Robert B. Beasley, Jr., Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


On appeal from his conviction of possession of cocaine, James Anthony Brockett contends the trial court erred (1) in denying his pretrial motion to dismiss, (2) in upholding the January 26, 1994 order, and (3) in finding the evidence sufficient to support his conviction.

On appeal, we view the evidence in the light most favorable to the Commonwealth. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

On July 17, 1988, at 1:30 a.m., Virginia Beach Police Officers Jackson and Mullen executed a search warrant in Room 127 of the Lynnhaven Lodge. Brockett was in the room. Detective Jackson searched Brockett and found in his rear pants pocket a

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

napkin containing three baggies of cocaine. Jackson took the cocaine to his office and locked it in an evidence locker for which he had the only key. Later, Detectives Jackson and Mullen repackaged the cocaine, sealed the packages, and locked them in evidence locker number eight. Evidence custodian Carroll Cover took the cocaine to the State Forensics Laboratory. Prior to trial, Cover died and was succeeded by Master Police Officer W. W. Carder as custodian of the evidence records. Carder's records revealed that on July 22, 1988, Cover took the evidence to the laboratory and delivered it to Charles Fishell, an examiner. Fishell reported that the package was properly sealed, there was no indication of tampering, and that the substance was cocaine. He returned the cocaine to the police department on September 9, 1988. Subsequently, the drugs were inadvertently destroyed.

On January 26, 1994, a hearing was held on Brockett's motion to dismiss the indictment

> because of the absence of the Commonwealth being able
> to introduce any evidence of cocaine, obviously, they
> wouldn't have a case for possession of cocaine; and I
> would move that the court would preclude the
> Commonwealth from introducing any evidence of cocaine
> on the basis that the Commonwealth cannot establish a
> chain of custody between an item that was taken from
> the defendant and to when it was analyzed.

The parties stipulated the circumstances from the time the cocaine was taken from Brockett to the time it was submitted to the laboratory for analysis. Brockett moved the court to suppress the certificate of analysis of the cocaine on the ground that the Commonwealth could not establish a chain of custody.

The court denied the motion and found the evidence sufficient to establish an unbroken chain of custody. On the basis of this order, the trial judge admitted the certificate of analysis of the cocaine.

Brockett contends that the trial court erred in denying his motion to dismiss the indictment. He argues that because the Commonwealth does not have the cocaine to admit into evidence and because the chain of custody is broken, the Commonwealth cannot prove beyond a reasonable doubt that he possessed the cocaine. We disagree.

The evidence showed a sufficient chain of custody. "The basic rule for admitting demonstrative evidence is that the burden is upon the party offering the evidence to show with reasonable certainty that there has been no alteration or substitution of it. But the burden is not absolute that 'all possibility of tampering' be eliminated." Robinson v. Commonwealth, 212 Va. 136, 138, 183 S.E.2d 179, 180 (1971) (citation omitted). Officers Jackson and Mullen possessed the seized cocaine from the time it was taken from Brockett until it was packaged, sealed, and locked in locker number eight in the property and evidence room. Although Cover was unable to testify, his function as evidence custodian was to preserve the evidence and deliver it to the laboratory for analysis. He delivered the evidence to the laboratory. Charles Fishell, an employee of the laboratory, testified that he received the

evidence from Cover, that the packages were sealed, and there was no sign of tampering. "In the absence of clear evidence to the contrary, courts may presume that public officers have properly discharged their official duties." Robertson v. Commonwealth, 12 Va. App. 854, 856-57, 406 S.E.2d 417, 418 (1991). The evidence supports the conclusion that Cover properly performed his duty and that there was no tampering with the evidence. The chain of custody was sufficient.

Brockett next contends that the trial court erred in accepting the January 26, 1994 order. He argues the order does not reflect the court's holding. He asserts that his stipulation of facts concerning the chain of custody was limited to the hearing on his motion to dismiss the indictment and did not apply to the determination of the admissibility of the cocaine.

The record is clear that Brockett sought by his motion to preclude the Commonwealth from introducing any evidence of the cocaine. He stipulated to the facts surrounding the chain of custody for that purpose. The stipulation was valid for that purpose and the order properly set forth the trial court's ruling.

Finally, Brockett challenges the sufficiency of the evidence to support his conviction. He contends that discrepancies in the testimonies of Jackson and Mullen render the Commonwealth's proof inadequate. We disagree.

More than sufficient evidence linked Brockett to the

- 4 -

cocaine.  Jackson found a napkin with three baggies of cocaine in Brockett's rear pants pocket.  Jackson locked the cocaine in a locker to which he had the only key.  Later, Jackson and Mullen took the cocaine to police headquarters where it was sealed and locked in evidence locker number eight.  Cover took the cocaine to the laboratory for analysis.  Although the cocaine was subsequently destroyed through inadvertence, the certificate of analysis was properly admitted into evidence in its place.  This evidence sufficiently supports Brockett's conviction of possession of cocaine.

We affirm the judgment of the trial court.

<u>Affirmed</u>.