COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Fitzpatrick and Annunziata
Argued at Richmond, Virginia


DAVID EUGENE WHITE

MEMORANDUM OPINION[*] BY
v.          Record No. 1998-96-2          JUDGE ROSEMARIE ANNUNZIATA
                                          SEPTEMBER 23, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
James W. Haley, Jr., Judge

Andrea C. Long (Charles C. Cosby, Jr.; Boone,
Beale, Carpenter & Cosby, on brief), for
appellant.

Eugene Murphy, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


        Appellant, David Eugene White, was convicted by a jury of

three counts of cocaine distribution in violation of Code

§ 18.2-248.  On appeal, he contends that the evidence was

insufficient to support his convictions and that the trial court

erred in failing to follow the sentencing guidelines.  We

disagree and affirm his convictions and sentences.

                                I.

        Under familiar principles, we review the evidence in a light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  E.g., Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

        Investigator Norris directed an undercover operation

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

targeting local drug dealers.  Norris engaged Detective Banks, an officer from a neighboring jurisdiction, to conduct undercover drug buys.  On three occasions during a two-week period, Banks purchased crack cocaine from an African-American male he identified as appellant.  Each of the transactions occurred at a trailer which Norris knew to be appellant's residence, and, at each transaction, Banks identified a vehicle which was registered to appellant.  Banks attempted approximately ten other undercover drug buys from different subjects during that two-week period, all but one of whom were African-American.

Banks had not seen appellant in person prior to the events in question, but Norris had shown Banks photographs of certain "target" suspects, one of whom was appellant.  At the first of the three drug transactions at appellant's residence, Banks recognized the seller as the man in the photograph of appellant that Norris had shown him.  Banks testified that he had no difficulty seeing inside the well-lit trailer, where the transactions occurred, and that, during the transactions, he stood face-to-face with the seller and made direct eye contact with him from a distance of three feet.  Banks testified that he remained in the seller's presence for one to five minutes during the transactions.  At trial, Banks could not recall the address of the trailer, but he identified a photo of it.  At trial, Banks repeatedly and unequivocally identified appellant as the man who sold him crack cocaine on each of the three occasions.

The jury convicted appellant of three counts of cocaine distribution and recommended sentences of thirty-five years plus $100,000 for the first count and life plus $500,000 for each of the second and third counts. Appellant requested a presentence report, and the imposition of sentence was postponed. The sentencing guidelines recommended a range midpoint for prison time of one year and seven months. During his sentencing hearing before the court, appellant admitted that he had made approximately five hundred cocaine sales during the year preceding his arrest. The trial court suspended both life sentences and both $500,000 fines, fifteen years of the thirty-year sentence, and $50,000 of the $100,000 fine. In imposing twenty years of active time and a $50,000 fine, the court stated,

> Mr. White, you are not a young man who sold drugs once. You were a drug dealer, and a drug dealer on a massive scale. By your own testimony, at least, for one year, you made five hundred drugs sales. You were a major drug dealer here in King George County.

II.

Through Banks' testimony at trial, the Commonwealth established that appellant sold crack to Banks on three occasions. If Banks' testimony was believed, it was clearly sufficient to support appellant's convictions under Code § 18.2-248. See Code § 8.01-680; Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988) (explaining that a jury's verdict will not be set aside unless it appears that it is

3

plainly wrong or without evidence to support it). Appellant contends that the evidence is insufficient, however, because Banks' identification of him as the seller was "suspect." We disagree.

Banks had ample opportunity to observe the man who sold him drugs during the course of the three transactions, and Banks' identification of appellant as the seller is bolstered by evidence that he observed the seller at appellant's house and driving appellant's car. To whatever extent Banks' repeated and unequivocal identification of appellant as the man who sold him drugs was "suspect," the jury found otherwise. We are bound by the jury's determination, see Robertson v. Commonwealth, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991) ("The credibility of all witnesses and the weight accorded their testimony are matters solely for the fact finder, who has the opportunity of seeing and hearing the witnesses."), unless Banks' identification was somehow "`inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" See id. at 858, 406 S.E.2d at 419 (citation omitted). We find it was not.

Appellant next contends that the trial court erred in failing to sentence him to an active term of incarceration commensurate with the discretionary sentencing guidelines' recommendation. We disagree. "The guidelines are not binding on the trial judge; rather, the guidelines are merely a `tool' to assist the judge in fixing an appropriate punishment." Belcher

4

<u>v. Commonwealth</u>, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993).

  "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion."  <u>Abdo v. Commonwealth</u>, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977).  The sentences imposed by the trial court here were within the range set by the legislature.  <u>See</u> Code § 18.2-248(C) (providing maximum sentence of forty years plus $500,000 for first offense and life plus $500,000 for subsequent offenses).  Moreover, appellant's admission during the sentencing hearing to having made approximately five hundred cocaine sales during the year preceding his arrest provided the court ample justification for deviating from the guidelines recommendation.  In short, there was no abuse of discretion in the present case.

   Accordingly, appellant's convictions and sentences are affirmed.

<u>Affirmed.</u>