COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


KIRK LEE LONEY

MEMORANDUM OPINION[*] BY
v.    Record No. 1140-98-2      JUDGE RUDOLPH BUMGARDNER, III
JUNE 22, 1999

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Donald W. Lemons, Judge

Craig S. Cooley for appellant.

Richard B. Smith, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Kirk Lee Loney appeals his conviction by a jury of

possession of cocaine.  He contends the trial court erred in

denying his motion to suppress evidence because the police

unlawfully seized him, and they did not maintain a proper chain

of custody of the drugs they seized.  Concluding the trial court

was correct in denying the motion to suppress, we affirm the

conviction.

On appeal from a trial court's denial of a motion to

suppress, defendant has the burden to show that the trial

court's decision constituted reversible error.  McGee v.

Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997)

_____

    *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

(en banc).  We view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The trial court's findings of historical fact are reviewed only for "clear error," but we review de novo the trial court's application of defined legal standards to the particular facts of a case.  See Ornelas v. United States, 517 U.S. 690, 699 (1996); Harris v. Commonwealth, 27 Va. App. 554, 561, 500 S.E.2d 257, 260 (1998).

Officer Richard Dunn was working undercover investigating prostitution and drugs in the Fan district of Richmond.  He was solicited by Patricia Chatman who also offered to furnish him illegal drugs.  She took Dunn to an apartment where he gave her thirty dollars in marked bills.  Chatman went into the bathroom where Dunn saw a man and a woman standing.  He tried to enter the bathroom through a second door, but the man and woman tried to get behind the door "to get out of sight."  The door was slammed.

Chatman came out of the bathroom with three rocks of cocaine.  Then, Dunn saw the defendant and a woman exit the bathroom, but he did not see anyone else go into the bathroom.  Dunn signaled for officers stationed outside the apartment to enter.  Officer Scott Shapiro was the first officer to enter the apartment.  Dunn pointed directly at the defendant and told Shapiro "to detain [] or to get [the defendant]."  Shapiro saw

-

the defendant run into the bathroom and ran after him.  Once in the bathroom, the defendant "threw a plastic bag into the toilet."  Shapiro then handcuffed the defendant and recovered the plastic bag.  The cocaine in the bag appeared similar to the rocks that Dunn received from Chatman.  The contents of the bag were tested and proved to be 3.138 grams of cocaine.

Dunn was invited into the apartment for the express purpose of purchasing narcotics and was lawfully present.  Dunn was an invitee.  See Lewis v. United States, 385 U.S. 206, 211 (1966); Stokes v. Commonwealth, 4 Va. App. 207, 210, 355 S.E.2d 611, 612 (1987).  While there, he purchased illegal drugs.  Dunn gave Chatman money, she went into the bathroom and returned with crack cocaine.  Dunn only saw Chatman, the defendant, and another female in the bathroom.  No one else entered it.  It was reasonable to believe that they were selling cocaine in the bathroom.  He had probable cause to believe drugs were being distributed in the apartment.  At the very least, the police had probable cause to arrest Chatman.  It was lawful to signal for additional officers to enter as backup support.

The defendant argues that the officers needed probable cause when Dunn singled him out to Shapiro.  It is not necessary to decide whether they had probable cause because the defendant was never seized until after he was seen discarding the drugs.  "A seizure occurs when an individual is either physically

-

restrained or has submitted to a show of authority."  McGee, 25
Va. App. at 199, 487 S.E.2d at 262 (citations omitted).

The case is controlled by California v. Hodari D., 499 U.S.
621 (1991).  There, the defendant fled at the approach of an
unmarked police car and was pursued by an officer wearing a
jacket with "Police" marked in front.  Before the defendant was
apprehended, the officer observed him discard a rock, which
proved to be crack cocaine.  The United States Supreme Court
held that at the time the drugs were abandoned, the defendant
was not seized.

Here, the defendant had not been touched by any officer and
had not submitted to their authority.  He had not been seized
when he discarded the plastic bag.  Therefore, the abandoned
cocaine was admissible.  See Hodari D., 499 U.S. at 626.  The
facts of the two cases are similar.

The defendant also contends that the trial court erred in
admitting the test results of the drugs.  He points to two
factual discrepancies.  First, Shapiro testified that he sent
the cocaine to the state laboratory a few days after he seized
it.  In fact, it was not sent for twenty days.  Secondly, the
defendant notes at the suppression hearing Shapiro testified
that there were "numerous rocks separately packaged inside the
sandwich bag."  The laboratory report did not indicate that the
substance was separately packaged.  At trial, Shapiro explained
the discrepancy by noting that he did not have the exhibit in

-

front of him at the suppression hearing.  However, he identified the cocaine analyzed and admitted as being the "exact way it came out of the toilet."

When the Commonwealth offered this evidence, it was "required to establish with 'reasonable assurance' that the evidence analyzed and presented at trial was in the same condition as it was when obtained by police."  Robertson v. Commonwealth, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991) (citing Pope v. Commonwealth, 234 Va. 114, 129, 360 S.E.2d 352, 357 (1987), cert. denied, 485 U.S. 1015 (1988)).  See Bassett v. Commonwealth, 222 Va. 844, 854-55, 284 S.E.2d 844, 851 (1981), cert. denied, 456 U.S. 938 (1982).  In this case, there was no vital link missing from the chain of custody.  There was no clear evidence to the contrary.  "Where there is mere speculation that contamination or tampering could have occurred, it is not an abuse of discretion to admit the evidence and let what doubt there may be go to the weight to be given the evidence."  Reedy v. Commonwealth, 9 Va. App. 386, 391, 388 S.E.2d 650, 652 (1990).

We conclude the chain of custody was sufficiently established to permit a finding that the drugs presented at trial were the same drugs seized by the police.  The discrepancies noted by the defendant go to the weight of the evidence not its admissibility.  The trial court properly admitted the cocaine into evidence.

-

For the foregoing reasons, we affirm.

<u>Affirmed.</u>