COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


DARRELL DEON HARRISON

                                          OPINION BY
v.    Record No. 1098-98-2          JUDGE JAMES W. BENTON, JR.
                                          MAY 30, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  L. A. Harris, Jr., Judge

          Cullen D. Seltzer (Rawlings & Wood, on
          brief), for appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     The trial judge convicted Darrell Deon Harrison of three

counts of forgery, three counts of uttering, grand larceny,

credit card theft, and credit card fraud.  Harrison contends the

trial judge erred in finding the evidence sufficient to prove

that he took, obtained, or withheld a credit card number, in

violation of Code § 18.2-192, and that he used a credit card

number with intent to defraud, in violation of Code § 18.2-195.

For the reasons that follow, we affirm the convictions.

                              I.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth and accord to that evidence all reasonable

inferences fairly deducible therefrom.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 536 (1975).  The evidence at trial concerning the credit card offenses proved that Delia Pitchford, an employee of the Sunglass Hut, sold Harrison a pair of sunglasses for $274.99.  Harrison told Pitchford that he was out of checks, showed her his empty checkbook, and asked if he could use his credit card number.  Pitchford testified that Harrison paid for the sunglasses using a Visa credit card number, which he had "written down in the front of [his] checkbook."  Pitchford further testified that Harrison explained "he did not have his card with him [and] his girlfriend had the card."  Harrison gave Pitchford his own name and showed her his identification.  He then used the credit card number to make the purchase and filled out the warranty card with his own name.

The credit card number Harrison used to purchase the sunglasses belonged to Harold Lloyd Kretzer, Jr.  Kretzer testified that he owned a Visa card with the same number and that someone made charges to the account without his permission.  He and his wife always had the cards in their possession.  He further testified that he did not give anyone permission to use his credit card number for making a purchase at the Sunglass Hut.

Harrison testified that he received the credit card number from "a female friend" named Linda Brown, who told him that it was hers.  He testified that she gave him the credit card number because "she wanted to give [him] a gift" as a token of "friendship . . . [and] romance."  He did not know her address.  Harrison never had possession of Kretzer's credit card, only the credit card number.

The trial judge convicted Harrison of various offenses, including credit card theft and credit card fraud.  This appeal followed.

II.

Code § 18.2-192 provides, in pertinent part, the following:

> (1) A person is guilty of credit card or credit card number theft when:
>
> (a) He takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent.

Harrison contends the evidence was insufficient to convict him because the Commonwealth "failed to prove that the card number was taken or obtained from the person, possession, custody or control of . . . Kretzer or that Harrison received the card number with the knowledge that it had been so taken or obtained."  Harrison argues that, because he did not obtain physical control or custody of the credit card to the exclusion of the cardholder and did not receive the number directly from the cardholder, he could not be convicted of credit card number theft.

The statute, however, does not require the Commonwealth to prove that Harrison received the credit card number directly from Kretzer.  The statute prohibits the receipt of the number "from the person, possession, custody or control of another without the cardholder's consent."  Code § 18.2-192.  Although

we must strictly construe penal statutes against the Commonwealth, we are required to "construe a statute to promote the end for which it was enacted, if such an interpretation can reasonably be made from the language used[, and we must] read [statutes] to give reasonable effect to the words used 'and to promote the ability of the enactment to remedy the mischief at which it is directed.'" Mayhew v. Commonwealth, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995) (citations omitted).

Clearly, the statute criminalizes the improper acquisition of both credit cards and credit card numbers. The statute does not exclude individuals who obtain credit card numbers from discarded receipts, via the telephone or the Internet, or any of the myriad ways in which credit card numbers can be fraudulently acquired without possession of the credit card or without the cardholder's consent.

The evidence proved that Kretzer did not consent to this use of his credit card number. Moreover, Harrison testified at trial that he received the number from a woman under peculiar circumstances. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Harrison testified that Linda Brown gave him the number, but he did not know where Brown lived or even whether Linda Brown was her real name. Harrison told

Pitchford, however, that the credit card number belonged to him. This evidence permits the inference that Harrison knew the credit card number did not belong to Linda Brown. Thus, we cannot say the trial judge erred as a matter of law in rejecting Harrison's testimony that he believed the card number belonged to Brown and that Brown was "buying [him] a gift." See Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991) (holding that the fact finder's determination that a witness was credible can only be disturbed on appeal if that "testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief'").

Harrison acquired Kretzer's credit card number without his consent; therefore, the taking element of Code § 18.2-192 was proved because Harrison interfered with Kretzer's right to determine who shall have the right to use his credit card number. Cf. Clay v. Commonwealth, 30 Va. App. 254, 259, 516 S.E.2d 684, 686 (1999) (en banc) (noting that in the context of robbery, a taking from the person does not require actual contact with the person, but can be simply taking the property from that person's personal protection and presence).

### III.

In pertinent part, Code § 18.2-195 provides as follows:

> (1) A person is guilty of credit card fraud when, with intent to defraud any person, he:

(a) Uses for the purpose of obtaining money, goods, services or anything else of value a credit card or credit card number obtained or retained in violation of [Code] § 18.2-192 or a credit card or credit card number which he knows is expired or revoked;

(b) Obtains money, goods, services or anything else of value by representing (i) without the consent of the cardholder that he is the holder of a specified card or credit card number.

The evidence proved that Harrison used the credit card number to purchase sunglasses after having obtained the number in violation of Code § 18.2-192. To prove fraud, however, the Commonwealth also had to prove that Harrison had the specific intent to commit a crime. See Campbell v. Commonwealth, 14 Va. App. 988, 990, 421 S.E.2d 652, 654 (1992) (defining intent to defraud as "act[ing] with an evil intent, or with the specific intent to deceive or trick"). "'Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence.'" Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) (citation omitted).

Harrison told Pitchford that the credit card number was his and then testified at trial that Linda Brown gave him the number. Harrison would have no reason to tell Pitchford the credit card number was his if he had not known the status of the number. Moreover, as the trial judge noted, Harrison gave

Pitchford a false address when he filled out the warranty card. This evidence was sufficient for the trial judge to find beyond a reasonable doubt that Harrison had the requisite intent to defraud.

For the foregoing reasons, we affirm the convictions.

<u>Affirmed.</u>