COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Clements and McClanahan
Argued at Richmond, Virginia


ANTONIO E. TYLER

                              MEMORANDUM OPINION[*] BY
v.       Record No. 0096-04-2       JUDGE RUDOLPH BUMGARDNER, III
                                  MARCH 22, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NEW KENT COUNTY
Thomas B. Hoover, Judge

(Benjamin H. Hamlet; Marcus, Santoro & Kozak, P.C., on brief), for
appellant.  Appellant submitting on brief.

Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Antonio E. Tyler appeals his conviction of possession of marijuana.[1]  He contends the

trial court erred in admitting a certificate of analysis because the Commonwealth did not prove

the chain of evidence.  Finding no error, we affirm.

Trooper A.C. Arnold seized suspected marijuana from the defendant's car during a lawful

traffic stop.  He put the cigar butts and green plant material in an evidence bag that he sealed and

labeled "Agency Case Number:  03-21-03-0020."  Trooper Arnold completed a Request for

Laboratory Examination form, which he delivered with the evidence bag to the Division of

Forensic Science for analysis.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The appeal does not involve his conviction of related charges of driving under the
influence, refusal to take a breath test, and operating a vehicle with defective equipment and an
illegal window tint.

At trial, the Commonwealth introduced both the Request for Laboratory Examination and the Certificate of Analysis. The request form contained the defendant's name, and the date and the type of offense. It contained a description of the evidence seized,[2] the trooper's name, and his signature. It bore the agency case number, 03-21-03-0020, and reflected the dates of submission to and retrieval from the laboratory as well as the names of the technicians who received and returned it. The case number assigned by the Division of Forensic Science, FS Lab # C03-374, appeared in a box reserved "For DFS use only."

The Certificate of Analysis referred to "Your Case # 03-21-03-0020," and "FS Lab # C03-374." It contained the defendant's name, the name "A.C. Arnold" as submitting officer, and a description of the items submitted.[3] The certificate stated the material submitted contained marijuana.

Proof of a chain of custody is necessary to establish that the evidence tested is the same as the evidence collected by police. Robertson v. Commonwealth, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991). Proof requires "'a showing with reasonable certainty that the item [has] not been altered, substituted, or contaminated prior to analysis, in any way that would affect the results of the analysis.'" Reedy v. Commonwealth, 9 Va. App. 386, 387, 388 S.E.2d 650, 650-51 (1990) (quoting Washington v. Commonwealth, 228 Va. 535, 550, 323 S.E.2d 577, 587 (1984)). However, the burden is not so strenuous that the Commonwealth must eliminate all possibility of tampering. Horsley v. Commonwealth, 2 Va. App. 335, 338, 343 S.E.2d 389, 390 (1986). The

---

[2] The request for analysis form reflected that Trooper Arnold submitted "(1) sealed evidence bag containing a black rubber cup holder with green plant material and burnt cigar ends containing burnt residue."

[3] It reflected that Arnold submitted one "sealed plastic evidence bag" containing one "black rubber cup containing plant material residue," "one factory-wrapped cigar and four (4) hand-rolled cigar butts."

trial court's judgment is presumed correct, and the defendant has the burden to prove that admission of the evidence constitutes reversible error. Dunn v. Commonwealth, 20 Va. App. 217, 219-20, 456 S.E.2d 135, 136 (1995).

In this case, the trial court did not abuse its discretion by admitting the certificate of analysis. The evidence established that Trooper Arnold seized the items, packaged them, and placed the sealed package in the evidence locker. Trooper Arnold personally removed the sealed package containing the items from the evidence locker and submitted it to the laboratory. The laboratory technician received it, signed for it, and assigned a number to it. That number, FS Lab # C03-374, along with the trooper's case number on the evidence, appears on both the request for analysis form and the certificate of analysis. The two forms also contain other data identifying the defendant and the evidence seized.

The information on the request form and the certificate "coincide to connect the drug analyzed and subject of the certificate" to the evidence retrieved by Trooper Arnold. Crews v. Commonwealth, 18 Va. App. 115, 120, 442 S.E.2d 407, 409 (1994). The evidence did not pass through any other hands before it was delivered to the lab. See Robinson v. Commonwealth, 212 Va. 136, 138, 183 S.E.2d 179, 181 (1971) (error to admit evidence and test results where there is a missing "vital link in the chain of possession" from seizure to testing).

The Commonwealth proved with reasonable certainty that there had been no substitution, contamination, or alteration of the evidence. From the time Trooper Arnold seized the evidence until he delivered it to the lab, there was no gap in possession. The evidence permitted the trial judge to find with reasonable certainty that the seized items had not been altered, substituted, or contaminated prior to analysis. Brown v. Commonwealth, 21 Va. App. 552, 556, 466 S.E.2d 116, 118 (1996).

Once the Division of Forensic Science received the evidence, the trial court could presume, absent contrary evidence, that it properly discharged its official duties. Robertson, 12 Va. App. at 856-57, 406 S.E.2d at 418 (chain of custody established when police sealed evidence, mailed it through postal service, and lab received it sealed). "Code § 19.2-187.01 provides that a certificate of analysis from any authorized laboratory is *prima facie* evidence of the laboratory's custody of the evidence." Alvarez v. Commonwealth, 24 Va. App. 768, 777, 485 S.E.2d 646, 651 (1997).

The evidence proved with reasonable certainty that the evidence was not altered, substituted, or contaminated prior to its analysis. Accordingly, we affirm the conviction.

Affirmed.