UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Alston
Argued at Richmond, Virginia


TABIAS DAYON McCLAIN

                                               MEMORANDUM OPINION* BY
v.        Record No. 1838-16-2                 JUDGE ROBERT J. HUMPHREYS
                                               OCTOBER 17, 2017

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Bradley B. Cavedo, Judge

                 William J. Viverette for appellant.

                 Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
                 Herring, Attorney General, on brief), for appellee.


         Appellant Tabias Dayon McClain ("McClain") appeals his August 12, 2016 conviction

from the Circuit Court of the City of Richmond (the "circuit court").  McClain argues that (1) the

circuit court erred in finding the in-court identification by James Phillip Gibrall ("Gibrall") of

McClain as being sufficiently reliable and that (2) the circuit court erred in finding sufficient

evidence to convict McClain of one count of maliciously shooting Gibrall, in violation of Code

§ 18.2-51, and one count of using a firearm to commit malicious wounding, in violation of Code

§ 18.2-53.1.

         On the night of January 18, 2016, Gibrall was shot in the City of Richmond behind the

City Motel on Jefferson Davis Highway.  Specifically, Gibrall was shot in the back while

walking away from a failed drug transaction.  On January 29, 2016, eleven days after the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

shooting, Gibrall identified McClain as the shooter in a "double-blind" photo array.[1]  The Commonwealth subsequently charged McClain with malicious wounding, a felony, and the use of a firearm in the commission of that felony.  On August 12, 2016, following a bench trial, the circuit court found McClain guilty of both charges.

In reviewing a conviction for the sufficiency of the evidence, this Court asks only if "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Johnson v. Commonwealth, 58 Va. App. 303, 313, 709 S.E.2d 175, 181 (2011) (quoting Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008)).  Consequently, this Court "will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).

Furthermore, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The conclusions of the fact finder on issues of witness credibility "may only be disturbed on appeal if this Court finds that [the witness'] testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'"  Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991) (quoting Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984)).  When the circuit court itself serves as the fact finder, its judgment is "entitled to the same weight as a jury verdict."  Burrell v. Commonwealth, 58

---

[1] At trial, Detective Jeffrey Crewell characterized the photo array procedure shown to Gibrall as "double-blind."  In such a procedure, eight photos are shown sequentially, one at a time.  The person or detective showing the photo lineup is unaware of any potential suspects in the lineup.  This removes any potential unknown influences or known influences by the detective in showing the lineup.  The photo array procedure, according to Detective Michael Gouldman, was done in accordance with the Richmond Police Department's policies and procedures.

Va. App. 417, 433, 710 S.E.2d 509, 517 (2011) (quoting Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999)).

Taken in that light, the evidence is that Gibrall used crack cocaine and consumed alcohol the day of the shooting. That night, around 10:30 p.m. to 11:00 p.m., Gibrall drove to the City Motel to attempt to purchase more crack cocaine. After negotiating the drug transaction, Gibrall stood face-to-face with McClain with a streetlight illuminating the area. Gibrall testified that McClain pointed a gun at him, which appeared to be a .380 semiautomatic pistol, not a revolver. When Gibrall noticed the pistol, he and McClain "looked at each other right in the eye." Thereafter, Gibrall refused to hand over any money, turned, "took four or five steps," and was shot in the back.

Gibrall drove his vehicle to a convenience store where his physical condition deteriorated. When the police arrived, Gibrall misrepresented that he did not know where the shooting took place or the identity of the shooter. Gibrall testified that he initially lied regarding the circumstances of the shooting because he did not want to answer questions at that time. Gibrall testified that he wanted to seek immediate treatment for his injuries, which he believed could be fatal.

On January 25, 2016, one week after the shooting, Gibrall spoke with Richmond Police Detective Michael Gouldman. Based on Gibrall's description of his assailant and information from other sources, police developed McClain as a suspect in the shooting.[2] From there Detective Gouldman obtained a photograph of McClain and prepared a photo array. On January 29, 2016, Gibrall selected McClain's photo from a double-blind photo array with ninety-five percent confidence. At trial, Gibrall once again positively identified McClain as the shooter.

---

[2] From informant sources, police suspected a man nicknamed "Lump" as the shooter. Lump's given name is Tabias Dayon McClain.

Concluding that Gibrall's testimony was credible and believable, the circuit court found McClain guilty as charged.

McClain first argues that the circuit court erred in finding that Gibrall's in-court identification was sufficiently reliable. Specifically, McClain argues that Gibrall's identification testimony lacked credibility "in light of his uncertainty, inaccuracy, inconsistencies and impeachment." McClain also expresses "strong reservations" regarding the accuracy of eyewitness identification and implies that Gibrall's photo array identification was unreliable because it occurred eleven days after the shooting.

In support of his first assignment of error, McClain asserts that the factors outlined in Neil v. Biggers, 409 U.S. 188 (1972), "lead to the conclusion that Gibrall's identification testimony was unreliable." McClain, however, misconstrues the application of Biggers. In three cases decided the same day, the Supreme Court of the United States in United States v. Wade, 388 U.S. 218 (1967), Gilbert v. California, 388 U.S. 263 (1967), and Stovall v. Denno, 388 U.S. 293 (1967), collectively held that suggestive out-of-court identification procedures utilized by police can violate due process principles by tainting an in-court identification.

The Supreme Court decision in Biggers is not a general appellate test for the credibility of witnesses. Rather, it outlines factors that a trial court should consider in evaluating the *admissibility* of an in-court eyewitness identification when there has been a previous, possibly tainted out-of-court identification that violated the due process principles set forth in Wade, Gilbert, and Stovall. See Biggers, 409 U.S. at 199-200. These factors include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Id.

McClain has defaulted this assignment of error for several reasons. First, McClain never raised a constitutional objection or sought to suppress the out-of-court identification procedure used by the police. Second, McClain failed to timely object to his in-court identification by the victim of the shooting. Finally, McClain misinterprets the law with respect to the determination of witness credibility. In the absence of a due process violation or inherent incredulity, legal positions that McClain never asserted at trial or on appeal, the credibility of witnesses is a matter within the exclusive province of the fact finder—in this case, the circuit court sitting without a jury. Because McClain frames this assignment of error as a request that we conduct what amounts to a *de novo* determination of the Gibrall's credibility, his reliance on Biggers is inapt. Appellate courts in the Commonwealth are bound by the fact finder's determination of witness credibility unless, as a matter of law, the testimony is "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Robertson, 12 Va. App. at 858, 406 S.E.2d at 419 (quoting Fisher, 228 Va. at 299-300, 321 S.E.2d at 204).

McClain's second assignment of error alleges that the circuit court erred in finding sufficient evidence to convict McClain of both charges. McClain alleges that the evidence created reasonable doubt as to McClain's guilt. According to McClain, "if the [circuit] court had not improperly relied on Gibrall's identification . . . the other evidence from the trial would not have been sufficient" to convict McClain of either charge.

At trial, McClain did not make a timely and specific objection to the admissibility of Gibrall's in-court identification. Accordingly, as required by Code § 19.2-324.1, this Court must consider *all* evidence admitted at trial, whether properly admitted or not, to determine whether there is sufficient evidence to sustain a conviction.[3] See Code § 19.2-324.1.

---

[3] This statutory requirement is consistent with double jeopardy principles as annunciated in Lockhart v Nelson, 488 U.S. 33 (1988). On appellate review for sufficiency of the evidence,

McClain's second assignment of error has no merit. The circuit court explicitly weighed a number of factors in making its credibility determination. The circuit court acknowledged that Gibrall was a two-time convicted felon and addict "looking to score in one of the worst parts of town . . . ." The circuit court, however, focused on Gibrall's opportunity to identify "the person who is going to make the deal who then draws a gun on him." At that point, the circuit court found that Gibrall stood face-to-face with McClain, with a streetlight illuminating the area, and "looked [McClain] right in the eye." Further, addressing Gibrall's initial misrepresentations to the police, the circuit court concluded that "Gibrall probably thought he might die . . . and was focused on his medical condition and getting help." The circuit court found that Gibrall "seemed to be pretty certain that he remembered everything." The fact that Gibrall used crack cocaine and consumed alcohol sometime before the shooting did not render his testimony inadmissible but are relevant factors for the circuit court to weigh in assigning credibility. It clearly did so and the weight that a fact finder gives to evidence is not reviewable by an appellate court as any part of a sufficiency analysis for the reasons already stated.

In addition to questioning the circumstances of Gibrall's eyewitness identification, McClain contends that no physical evidence directly links McClain to the crime scene. On this point, McClain is entirely correct. In fact, the circuit court acknowledged McClain's claim stating that, "eyewitness identification is all we have here, and he's right." The circuit court correctly added, however, that "a witness identification is all that is necessary if the testimony is credible and believable."

Reviewing the evidence admitted at trial, we conclude that the evidence was sufficient to support the circuit court's finding that McClain maliciously wounded Gibrall and used a firearm

"a reviewing court must consider *all* of the evidence admitted by the trial court" whether properly admitted or not. Id. at 42 (emphasis added).

- 6 -

to commit that malicious wounding, beyond a reasonable doubt.  Therefore, we affirm the judgment of the circuit court convicting McClain of one count of maliciously shooting Gibrall, in violation of Code § 18.2-51, and one count of using a firearm to commit malicious wounding, in violation of Code § 18.2-53.1.

Affirmed.