COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys and Friedman
Argued at Lexington, Virginia


BRIAN ANTHONY DOVE

v.      Record No. 1025-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE MARLA GRAFF DECKER
AUGUST 9, 2022


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
James Frederick Watson, Judge

(Craig P. Tiller, on briefs), for appellant. Appellant submitting on
briefs.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General; Susan Brock Wosk, Assistant Attorney General,
on brief), for appellee.


Brian Anthony Dove was convicted for possession of methamphetamine and possession of

ammunition by a convicted felon, in violation of Code §§ 18.2-250 and 18.2-308.2, respectively.

On appeal, Dove challenges the sufficiency of the evidence to support his convictions. For the

reasons that follow, we affirm.

I. BACKGROUND[1]

On the morning of November 2, 2019, Virginia Department of Game and Inland Fisheries

Officer Cory Harbor saw a Nissan pickup truck driving off-road through the woods of a rural

property. Familiar with the property owners, Officer Harbor turned around to investigate the driver

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In accordance with familiar principles of appellate review, the facts will be stated "in the
light most favorable to the Commonwealth, the prevailing party at trial." *Ray v. Commonwealth*, 74
Va. App. 291, 307 (2022) (quoting *Fletcher v. Commonwealth*, 72 Va. App. 493, 501 (2020)).

for suspected trespassing. Twenty to thirty seconds later, the officer was unable to locate the truck. He later found it abandoned approximately two hundred feet from where he had last seen it in the woods. The truck's motor was hot, its keys were in the ignition, a "buzzing" sound could be heard, and the driver's door was slightly ajar.

The same day, Harbor executed a search warrant for the truck. He testified that it was obvious to him that only the driver's seat had been occupied because the passenger's seat had "so much stuff in it." Inside of a bag on the bench seat between the driver and passenger seat, Officer Harbor found Winchester 30-30 caliber ammunition. On the floorboard of the driver's seat, behind where the driver's heels would have been positioned, Harbor found a glass smoking device holding white powder. Subsequent testing revealed that the .3331 gram of powder contained methamphetamine, a Schedule II controlled substance. Officer Harbor also found ninety-nine one-dollar bills, suspected marijuana, and hunting gear throughout the cab of the truck. In the glovebox, Officer Harbor found the appellant's expired April 2019 insurance card that matched the truck.

After collecting the evidence from the vehicle, Harbor set up two surveillance cameras to monitor it. He returned the following day to check the cameras, and at that time, the truck was in the same position.

Two days after setting up the cameras, Officer Harbor returned to discover that the truck was missing. He immediately reviewed the surveillance footage. From the video, Harbor saw that at around 7:00 a.m. that morning, approximately one hour before his arrival, the cameras recorded the appellant as he approached the truck. The appellant removed an alcoholic beverage from the truck bed and drank it before driving off in the truck. The footage also showed two men, Joey Roach and Gilbert Goff, parked nearby.

At trial, Roach testified that he and the appellant were acquaintances.[2] He recounted his involvement in the events surrounding the abandoned truck. On November 2, 2019, the appellant called Roach to come pick him up because the game warden had "gotten after him" and he had to "ditch" his truck and guns. In response, Roach asked his friend, Goff, to drive him to a valley about one mile from where the appellant's Nissan truck was parked. When Roach and Goff arrived, the appellant looked like he had been running and told the two men that the game warden had "seen him turn around and so he jetted . . . down this old driveway and ditched the truck."

According to Roach, two days later, at about 5:30 a.m. on November 4, the appellant arrived at Roach's house. He told Roach that "they didn't take [the truck]" and asked Roach to drive him back to the woods to retrieve the vehicle. After giving the appellant a ride, Roach watched him drive off in the truck. Roach denied ever entering the Nissan truck on that date. He also denied telling law enforcement that the truck belonged to him. He maintained that he was telling the truth.

At the close of the Commonwealth's case, the appellant moved to strike the evidence, arguing that it failed to prove that he knowingly and intentionally possessed either the methamphetamine or ammunition. He argued that the evidence established only his proximity to the items, which was insufficient to prove his knowledge, dominion, or control of them. Additionally, the appellant asserted that Roach's testimony was not worthy of belief. The trial court denied the motion.[3]

Testifying for the defense, Laury Bates said that the appellant was her boyfriend of the past two years and that Roach was her cousin and neighbor. Bates testified that the appellant had owned

---

[2] Roach testified that he had criminal charges pending in multiple jurisdictions. He also acknowledged his criminal history. He denied that he expected to receive consideration from the Commonwealth in exchange for his testimony.

[3] The trial court dismissed the related charges of trespassing and altering or forging a license plate.

a Nissan pickup truck before they started dating. She said that in August of 2019, she delivered the truck's title to the appellant after retrieving it from his mother's house so that he could sell the truck. Bates stated that in early September 2019, she heard Roach tell a sheriff's deputy that the Nissan truck was at his garage and that he had purchased it from the appellant. However, Bates also admitted that she never personally observed the appellant transfer the title to Roach, nor did she ever accompany Roach at any time to get the truck.

At the close of the evidence, the appellant renewed his motion to strike. He reiterated his previous arguments and contended that the evidence failed to exclude the hypothesis that Roach was actually "in charge of" the Nissan pickup truck and, therefore, possessed the drugs and ammunition in the vehicle. The trial court denied the motion, finding that Roach's testimony was credible and "connected" the "dots" in the case. Accordingly, the court convicted the appellant of possession of methamphetamine and possession of ammunition by a convicted felon. The appellant was sentenced to a total of six years of incarceration, with four years and eight months of that sentence suspended.

## II. ANALYSIS

The appellant challenges the sufficiency of the evidence to prove that he possessed the methamphetamine and the ammunition in the Nissan truck. He argues that the evidence failed to exclude a reasonable hypothesis of innocence. Specifically, he maintains that the court erred in rejecting the hypothesis advanced through Bates's testimony that Roach owned the truck and therefore possessed the methamphetamine and the ammunition in it, rather than the appellant.[4]

In determining whether the evidence was sufficient to support a criminal conviction, the appellate court views the facts "in the light most favorable to the Commonwealth, as the

---

[4] While the appellant's assignments of error primarily assert that the evidence was insufficient to exclude his reasonable hypothesis of innocence, we assume without deciding that the entire sufficiency argument is properly before the Court.

- 4 -

prevailing party at trial, and considers all inferences fairly deducible from that evidence." *Powell v. Commonwealth*, 289 Va. 20, 26 (2015) (quoting *Allen v. Commonwealth*, 287 Va. 68, 72 (2014)). "These principles apply 'with equal force' to bench trials no differently than to jury trials." *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 249 (2016)). The Court will affirm the decision unless the trial court was plainly wrong or the conviction lacks evidence to support it. *Powell*, 289 Va. at 26 (quoting *Allen*, 287 Va. at 72). We apply these principles in considering whether the evidence was sufficient to support the trial court's conclusion that the appellant was guilty of possessing the methamphetamine and the ammunition found in the Nissan truck.

Possession may be actual or constructive. *See Smallwood v. Commonwealth*, 278 Va. 625, 629-30 (2009); *Rawls v. Commonwealth*, 272 Va. 334, 350 (2006). Constructive possession can be shown by "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that [he] was aware of both the presence and character of the substance and that it was subject to his dominion and control." *Wilson v. Commonwealth*, 272 Va. 19, 27 (2006) (quoting *Walton v. Commonwealth*, 255 Va. 422, 426 (1998)). Moreover, "ownership or occupancy" of a vehicle in which contraband is found is a factor that "may be considered in deciding whether an accused possessed the [contraband]." *Id.* (quoting *Walton*, 255 Va. at 426).

While occupancy and proximity are factors to be considered among the totality of the circumstances, they are insufficient standing alone to prove knowledge for purposes of illegal possession of contraband. *See Coward v. Commonwealth*, 48 Va. App. 653, 658 (2006); *see also Bagley v. Commonwealth*, 73 Va. App. 1, 27 (2021) ("Possession of a vehicle does not create a presumption of 'knowing possession' of drugs found inside it." (quoting *Brown v. Commonwealth*, 15 Va. App. 1, 9 (1992) (*en banc*))). Ultimately, the issue of what constitutes

constructive possession is a factual question left to the trier of fact, not the appellate court. *Smallwood*, 278 Va. at 630.

Here, the evidence included facts and circumstances permitting the trial court to conclude that the appellant was aware of the presence and character of the methamphetamine and the ammunition in the truck and that the items were subject to his dominion and control. After fleeing from Officer Harbor when pursued in the woods, the appellant called Roach to come pick him up because the game warden had "gotten after him." The appellant confessed to Roach that he had to abandon his truck and guns in the woods. When Officer Harbor found the truck, the engine was warm, suggesting that the appellant had left it not long before the officer's arrival. Further, the facts that the driver's side door was ajar and the truck was "buzzing" supported an inference that the driver had abandoned it in haste and fled the scene. It was obvious to Officer Harbor that only the driver's seat had been occupied because the passenger's seat had "so much stuff in it." Inside the vehicle, Harbor found the appellant's expired insurance card, Winchester 30-30 caliber ammunition, and methamphetamine. Two days later, the appellant was seen on surveillance video returning to the abandoned truck and retrieving it.

Based on this evidence, the trial court could reasonably conclude that the appellant had been the driver and sole occupant of the vehicle before fleeing from Officer Harbor in the woods. *Cf. Burchette v. Commonwealth*, 15 Va. App. 432, 435-38 (1992) (reversing possession conviction when the Commonwealth failed to present evidence that the defendant had occupied the vehicle or had exercised dominion over it while the marijuana was present in it). In addition, the trial court was free to attribute the appellant's flight to his consciousness of guilt about the presence of the methamphetamine and ammunition inside the truck. *See Ricks v. Commonwealth*, 39 Va. App. 330, 337 (2002) ("[W]hile appellant's flight might have been attributable to several causes,

'consciousness of guilt' could be inferred by the trial court if any one of those causes was the instant offense.").

The evidence also supports the court's conclusion that the appellant had knowledge of the methamphetamine and ammunition inside the Nissan truck. "[S]ettled principles provide that people do not relinquish control of items of value like drugs or leave them in places where others might find them." *Watts v. Commonwealth*, 57 Va. App. 217, 233 (2010); *see also Ward v. Commonwealth*, 47 Va. App. 733, 753 n.4 (2006) ("Our cases recognize that drugs are a commodity of significant value, unlikely to be abandoned or carelessly left in an area."), *aff'd*, 273 Va. 211 (2007). Thus, the trial court could infer that the appellant's flight when pursued in the woods was a result of his knowledge that the truck contained drugs and ammunition, neither of which he could lawfully possess. The appellant's flight, his statements to Roach that he had to "ditch" his truck and guns when pursued by law enforcement, and his sole possession of the truck he abandoned and then reclaimed, demonstrate that the methamphetamine and the ammunition were within the appellant's dominion and control and are probative of his awareness of the contraband in the truck.

Despite the significant evidence of constructive possession, the appellant asserts the trial court erred in discounting the reasonable hypothesis of innocence that Roach owned the Nissan truck on the date of the offense and testified falsely to cover up his possession of the drugs and ammunition. "The 'reasonable hypothesis of innocence' concept [relied upon by the appellant] is . . . well defined." *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019). "[M]erely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded." *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)). "[W]hether a defendant's hypothesis is reasonable is a question of fact."

*Kelley*, 69 Va. App. at 629.  Therefore, "[w]hen examining an alternate hypothesis of innocence, the question is not whether 'some evidence' supports the hypothesis, but whether a rational factfinder could have found that the incriminating evidence renders the hypothesis of innocence unreasonable." *White v. Commonwealth*, 68 Va. App. 241, 252 (2017) (quoting *Vasquez*, 291 Va. at 250).  The Commonwealth is not required to "negate what 'could have been' or what was a 'possibility.'" *Nelson v. Commonwealth*, 281 Va. 212, 217-18 (2011).

In support of his argument, the appellant characterizes Roach's credibility as "low" and invites this Court to reject the trial court's credibility determinations.  However, it is well settled that "[d]etermining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (second alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)).  In conducting such evaluations, the fact finder is "free to believe or disbelieve, in part or in whole, the testimony of any witness." *Bazemore v. Commonwealth*, 42 Va. App. 203, 213 (2004) (*en banc*).

The conclusions of the trial court as "fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness'] testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."'" *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (alteration in original) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)).  As a matter of law, testimony is incredible only if it is "'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald v. Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

Roach testified that he picked the appellant up in order to help him "ditch" his truck and guns and to avoid the game warden. Roach also testified that two days later he drove the appellant back to the abandoned truck and the appellant drove away in it. This testimony was corroborated by the testimony of Officer Harbor regarding the abandoned truck. It was further supported by the surveillance video depicting the appellant retrieving the Nissan truck from the woods, with Roach and Goff parked nearby, and the presence of the appellant's insurance card inside of the glove compartment. *See Lambert v. Commonwealth*, 70 Va. App. 740, 760 (2019) (holding that a witness's testimony, which was corroborated by other evidence, was not inherently incredible).

The trial court had the opportunity to watch and listen to Roach as he testified, including his acknowledgement of his pending charges and criminal history.[5] Roach's testimony was neither inherently incredible as a matter of law nor so contrary to human experience as to render it unworthy of belief. *See Johnson*, 58 Va. App. at 315 (quoting *Robertson*, 12 Va. App. at 858). The only evidence that anyone other than the appellant occupied or owned the truck came from Bates's testimony. However, the trial court was permitted, in its role as the finder of fact, to reject her testimony that her boyfriend had sold the truck to Roach before the offenses occurred. *See Commonwealth v. McNeal*, 282 Va. 16, 22 (2011) (recognizing that a fact finder's "evaluations of credibility" often require "choosing between competing accounts offered by different witnesses"). Based on the record, a reasonable fact finder with all of the evidence before it could have determined that Roach was credible and that the appellant was the sole owner and occupant of the vehicle. The trial court, as the trier of fact, was entitled to reject the

---

[5] Prior criminal convictions do not render a witness incompetent to testify or inherently incredible as a matter of law. *Chrisman v. Commonwealth*, 3 Va. App. 89, 95 (1986); *see also Johnson*, 58 Va. App. at 312, 315 (holding that a witness's testimony was not inherently incredible when he testified that he "hope[d]" for leniency from the Commonwealth "in exchange for his testimony").

appellant's hypothesis of innocence that Roach was the owner of the truck and by extension the contraband within it. *See, e.g.*, *Smallwood*, 278 Va. at 631-32.

In sum, the record provides no basis to disturb the trial court's ruling. The testimony from Roach and Officer Harbor provided a sufficient basis for the court to find that the appellant was the driver and sole occupant of the truck. Further, the evidence of possession and abandonment of the truck and flight supported the findings of constructive possession of the contraband. The trial court was not plainly wrong accepting Roach's testimony as credible and rejecting the appellant's hypothesis of innocence. For these reasons, the evidence was sufficient to support the convictions.

## III. CONCLUSION

The evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove that the appellant possessed the methamphetamine and ammunition found in the Nissan truck. Accordingly, we affirm the convictions.

*Affirmed*.