456 S.E.2d 135

Karen DUNN, s/k/a Karen M. Dunn

v.

COMMONWEALTH of Virginia.

Record No. 0239–94–1.

Court of Appeals of Virginia,
Richmond.

April 18, 1995.

**218**

Charles Peter Tench (Jones, Blechman, Woltz & Kelly, P.C., on brief), for appellant.

Linwood T. Wells, Jr., Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen., on brief), for appellee.

Present: BARROW,* KOONTZ and ELDER, JJ.

ELDER, Judge.

Karen M. Dunn (appellant) appeals her conviction for distribution of cocaine in violation of Code § 18.2–248. She contends that the certificate of drug analysis, which was introduced at trial by the Commonwealth, was inadmissible because gaps existed in the chain of custody when the drug was transferred between Division of Forensic Science laboratories for testing purposes. Because the Commonwealth sufficiently established its *prima facie* case as to the chain of custody, we affirm appellant's conviction.

## I.

### FACTS

Special Agent Raymond Koon of the Naval Criminal Investigative Services, in conjunction with a Newport News Police

---

* Judge Barrow participated in the hearing and decision of this case prior to his death on March 28, 1995.

Department undercover operation, purchased twenty dollars worth of cocaine from appellant on May 18, 1993. Appellant, who denied any involvement in the drug sale, was arrested minutes later for a then-outstanding *capias.*

Koon turned over the cocaine to Officer Felton of the Newport News Police Department, who placed it in a drug locker. Appellant stipulated at trial that the cocaine was then received by the Tidewater Laboratory of the Division of Forensic Science (hereinafter Division). The Commonwealth and appellant agree that the cocaine was subsequently transferred from Tidewater to the Division's Northern Virginia laboratory (Northern Laboratory), where it was analyzed and then returned to the Tidewater Laboratory. The only direct evidence in the record detailing which facilities handled the cocaine is the certificate of analysis from the Northern Laboratory, which reads, "[t]he evidence is being returned to the Tidewater Laboratory."

Appellant was indicted for distribution of cocaine and was tried in the Circuit Court for the City of Newport News on November 22, 1993. During the presentation of evidence, the Commonwealth moved to introduce into evidence the certificate of laboratory analysis. Appellant's objections to the certificate's introduction were overruled. The trial court found appellant guilty and sentenced her to five years in the state penitentiary, fined her one hundred dollars, and suspended her driver's license for six months.

II.

ADMISSIBILITY OF CERTIFICATE/CHAIN
OF CUSTODY

"Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all inferences fairly deducible therefrom." *Crews v. Commonwealth,* 18 Va.App. 115, 117, 442 S.E.2d 407, 408 (1994) (quoting *Martin v. Commonwealth,* 4 Va.App. 438, 443, 358 S.E.2d 415, 418 (1987)). "On appeal, the judgment of the trial court is presumed correct." *John-*

*son v. Commonwealth,* 12 Va.App. 391, 396, 404 S.E.2d 384, 387 (1991). The burden is on appellant to show that the trial court's admission of evidence constitutes reversible error. *Id.* Applying these standards, we hold that the trial judge did not abuse his discretion in admitting the certificate of analysis into evidence. Various provisions of the Virginia Drug Control Act aid in our decision.

■ Code § 19.2–187 permits the Commonwealth to introduce into evidence at trial a certificate of analysis "of a person performing an analysis or examination, performed in any laboratory operated by ... the Division of Forensic Science." Before it can be admitted into evidence, such certificate must be duly attested by the person performing the analysis. Code § 19.2–187. Code § 19.2–187.01 relieves the Commonwealth of having to present testimony regarding the chain of custody of an analyzed or examined substance, provided certain safeguards are met.

Because the Commonwealth presented a duly attested certificate of analysis, it established its *prima facie* evidence of chain of custody. The Commonwealth did *not* lose the benefit of its *prima facie* proof when the cocaine was transferred between regional laboratories within the Division of Forensic Science. While the relevant statutory sections are construed strictly against the Commonwealth, *see Gray v. Commonwealth,* 220 Va. 943, 265 S.E.2d 705 (1980), no language in Code § 19.2–187.01 compels the conclusion that the General Assembly intended to eliminate the presumed, valid chain of custody when items are transferred between Division laboratories. *See Erickson–Dickson v. Erickson–Dickson,* 12 Va. App. 381, 386–87, 404 S.E.2d 388, 391 (1991) (stating that the plain meaning of statutory words must be used to construe legislative intent).

Our result is reached by a review of the amendments to Code § 19.2–187.01. Before July of 1991, Code § 19.2–187.01 stated, in pertinent part:

A report of analysis duly attested by the person performing such analysis or examination in any laboratory operated

by the Division of Consolidated Laboratory Services or the Division of Forensic Science shall be prima facie evidence in a criminal or civil proceeding as to the custody of the material described therein from the time such material is received by *an authorized agent of either Division* until such material is released subsequent to such analysis or examination.

(Emphasis added).

As we explained above, at the time of the offense in this case, May 18, 1993, the statute stated in pertinent part:

A report of analysis duly attested by the person performing such analysis or examination in any laboratory operated by (i) the Division of Consolidated Laboratory Services, the Division of Forensic Science, or by any laboratory authorized by either Division to conduct such analysis or examination, (ii) the Federal Bureau of Investigation, (iii) the federal Bureau of Alcohol, Tobacco and Firearms, (iv) the Naval Investigative Service, or (v) the federal Drug Enforcement Administration shall be prima facie evidence in a criminal or civil proceeding as to the custody of the material described therein from the time such material is received by *an authorized agent of such laboratory* until such material is released subsequent to such analysis or examination.

(Emphasis added).

An amendment effective in July of 1991 added five new laboratory testing facilities to the list of Commonwealth-approved facilities, which had previously included only the two state Divisions. This addition required ˙ a corresponding change in the language emphasized above (changing "Division" to "such laboratory"), because there were no longer only two Commonwealth-sanctioned testing entities (the two "Divisions"). The 1991 amending language reflected that the Commonwealth was entitled to the benefit of its *prima facie* case not only if either of the two Divisions performed the testing, but also if any of the newly added laboratories performed the testing. A common-sense analysis of this language belies appellant's argument and confirms that "laboratory" refers

not to one specific testing site (for example, Building A of the Northern Laboratory of the Division of Forensic Science), but to the entire state-approved entity, such as the laboratories that comprise either of the Division systems or the other enumerated agencies.

■ As we have previously stated, "[t]he plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction." *Branch v. Commonwealth,* 14 Va.App. 836, 839, 419 S.E.2d 422, 424 (1992). We would be construing the statute too narrowly if we held that the word "laboratory" refers to anything other than the entities listed in subsections (i) through (v). Our interpretation comports with the underlying rationale of Code § 19.2–187.01, which was meant to relieve the Commonwealth of having to call into court every employee who handled a tested material to prove its chain of custody. In cases where authorized personnel handle a tested material, a "presumption of regularity" attaches at the moment the material is received by an authorized agent of any of the above-listed entities until it is released after analysis. *See Robertson v. Commonwealth,* 12 Va.App. 854, 856–57, 406 S.E.2d 417, 418–19 (1991) ("In the absence of clear evidence to the contrary, courts may presume that public officers have properly discharged their official duties.").

We also hold that appellant, who had the opportunity to rebut the Commonwealth's *prima facie* chain of custody evidence, failed to do so. *See Crews v. Commonwealth,* 18 Va.App. 115, 120, 442 S.E.2d 407, 409 (1994) (Commonwealth's compliance with Code § 19.2–187.01 provided *prima facie* proof of contraband's custody by the Division's laboratory; defendant offered no evidence of mishandling of contraband). Appellant did not avail herself of Code § 19.2–187.1, an additional statutory safeguard enacted by the General Assembly that offers a defendant the chance to present evidence to rebut the Commonwealth's *prima facie* case. Under Code § 19.2–187.1, an accused has the right to summon the person who performed the analysis or the persons involved in the

chain of custody, and the Commonwealth must cover the costs of their court appearance.

For the foregoing reasons, we hold that the Commonwealth's *prima facie* evidence as to chain of custody of appellant's cocaine was not destroyed when the cocaine was transferred from the Tidewater Laboratory to the Northern Laboratory. Because the certificate of analysis was duly attested and because appellant did not offer evidence to rebut the Commonwealth's *prima facie* chain of custody, the certificate was properly admitted. Appellant's conviction is affirmed.

*Affirmed.*