COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


FREDDIE LAMONT MITCHELL
                                                   MEMORANDUM OPINION* BY
v.        Record No. 1937-05-2                  JUDGE ELIZABETH A. McCLANAHAN
                                                       NOVEMBER 7, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Daniel T. Balfour, Judge

Reuben V. Greene for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


       Freddie Lamont Mitchell appeals his conviction of possession of cocaine with intent to

distribute in violation of Code § 18.2-248.  He argues the trial court erred in admitting a

certificate of analysis because the Commonwealth did not prove that the material tested by the

Division of Forensic Science (DFS) was the same material police recovered from Mitchell's

person.  Finding no error, we affirm.

                                    I.  BACKGROUND

       "Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom."  Crews v. Commonwealth, 18 Va. App. 115, 117, 442 S.E.2d 407, 408 (1994).  The

trial court's judgment is presumed correct, and the defendant has the burden to prove that

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

admission of the evidence constitutes reversible error. Dunn v. Commonwealth, 20 Va. App. 217, 219-20, 456 S.E.2d 135, 136 (1995); Crews, 18 Va. App. at 117, 442 S.E.2d at 408.

During a lawful pat down, Officer Stone seized suspected narcotics from Mitchell's person.[1] Stone recovered one plastic bag with a large ball of suspected cocaine, another plastic bag containing three smaller, individually wrapped rocks of suspected cocaine, and $404 cash. Officer Brown gave the seized evidence to Officer Zannin. The evidence was in a bag with "Freddie Mitchell" written on it. Zannin sealed the envelope and secured it in an evidence locker. The envelope labeled Item 3, contained Items 3A, the bag with the large ball of suspected cocaine, and 3B, the bag with the individually wrapped rocks of suspected cocaine. Zannin completed a Request For Laboratory Examination form (request form), and Brown delivered it along with the evidence to the DFS for testing.

Mitchell conceded the Commonwealth proved the chain of custody until the evidence was delivered to the lab. He objected to the admission of the certificate of analysis on the ground that the trial court could not be certain the lab tested the same material seized from his person. To support his argument, Mitchell relies on the discrepancy in the description given to Item 3A by Officers Stone and Zannin as a "powdery" material and the lab's description of Item 3A as an off-white "solid" material. The trial court overruled his objection,[2] admitted the certificate of analysis, and convicted Mitchell of the charged offense.

---

[1] Mitchell stipulated that the pat down was lawful.

[2] In overruling Mitchell's objection, the trial court noted that there were no mistakes as to Item 3B, which was sent to the lab and received from the lab in the same envelope as Item 3A. "Thus, [i]f [Items 3A and 3B] were in the same bag, then it would work to [the Commonwealth's] advantage."

## II.  ANALYSIS

"Code § 19.2-187.01 authorizes a trial court to receive a certificate of analysis as evidence of the chain of custody of the material tested."  Harris v. Commonwealth, 261 Va. 185, 188, 541 S.E.2d 547, 548 (2001).  That same statute "provides that a certificate of analysis from any authorized laboratory is *prima facie* evidence of the laboratory's custody of the evidence." Alvarez v. Commonwealth, 24 Va. App. 768, 777, 485 S.E.2d 646, 651 (1997); see also Anderson v. Commonwealth, 48 Va. App. 704, 715, 634 S.E.2d 372, 377 (2006) (statute's "inference . . . verif[ies] the chain of custody of the samples while being tested by DFS scientists"); Charles E. Friend, The Law of Evidence in Virginia § 13-5, at 529 (6th ed. 2003). When the Commonwealth presents a duly attested certificate of analysis, it establishes "*prima facie* evidence" that DFS had "custody of the material described therein from the time such material is received by an authorized agent of such laboratory until such material is released subsequent to such analysis or examination."  Code § 19.2-187.01.

At trial, the Commonwealth introduced both Zannin's request form and a duly attested certificate of analysis.  The request form contained Mitchell's name, the date and type of offense, and a description of the evidence submitted.[3]  It also contained Zannin's name as the Investigating Officer, his office (listed as "Henrico Police"), as well as its address and case number 040415245.  It reflected the dates of submission to and receipt by the laboratory, the name of the submitting officer, "K. G. Brown," and the technician who received it.  The case number assigned by DFS, FS Lab # C04-7742, appeared in a box reserved "For DFS use only."

---

[3] Officer Zannin described the evidence in the request form as follows:  "Package #3" is a sealed envelope containing a "knotted baggy [sic] [of] white powder material" and three "knotted baggys [sic] each containing off-white solid material."

The timely filed[4] certificate of analysis referred to "Your Case # 040415245," and "FS Lab # C04-7742." It was addressed to L.A. Zannin and contained the defendant's name, the name "K. G. Brown" as the submitting officer, and a description of the items submitted.[5] Test results proved the material submitted was cocaine.

Proof of a chain of custody is necessary to establish that the evidence tested is the same as the evidence collected by police. Robertson v. Commonwealth, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991). This case does not involve a missing link in the chain of custody. Cf. Robinson v. Commonwealth, 212 Va. 136, 138, 183 S.E.2d 179, 181 (1971) (error to admit certificate when there is a missing "vital link"). The only issue Mitchell raises is that the lab and the officers described the evidence differently.[6] Officers Stone and Zannin described Item 3A as a "powdery" material, and the lab described it as an off-white "solid" material. Taken out of context that lone fact could potentially lead to the erroneous conclusion that the lab did not test the material seized from Mitchell; however, the facts of this case clearly prove otherwise.

---

[4] The request form was submitted to the lab on May 4, 2004, the certificate of analysis was dated June 14, 2004, it was filed in the clerk's office August 20, 2004, and Mitchell's trial was February 8, 2005.

[5] The certificate of analysis identified the relevant evidence as follows:

> Item 3 – Sealed packaging containing Items 3A and 3B
> Item 3A – One (1) plastic bag corner containing off-white solid material
> Item 3B – Three (3) plastic bag corners containing off-white solid material.

Testing showed that Item 3A was 3.204 grams of cocaine and 3B consisted of 1.305 grams of cocaine.

[6] At trial, Officer Zannin identified the evidence received from DFS as the same bag he received from Brown. He opened the sealed evidence envelope and described Item 3A as "very granular and powdery and it's white." He added that it had some hard substances in it, "but not much." The trial court also observed that Item 3A "had some little lumps in it." Stone characterized Item 3A as a "powder-like substance." Zannin described Item 3B as "an off-tan rock-like solid substance."

Here, the Commonwealth established *prima facie* evidence of DFS's custody of the evidence. Mitchell had the right to rebut this evidence under Code § 19.2-187.1,[7] but failed to do so. Moreover, the information on the request form and the certificate "coincide to connect the drug analyzed and subject of the certificate" to the evidence submitted. Crews, 18 Va. App. at 120, 442 S.E.2d at 409. The laboratory technician received the evidence, signed for it, and assigned a number to it. That number, FS Lab # C04-7742, along with Zannin's case number, appears on both documents, which contain other data identifying Mitchell and the evidence seized.

In Crews, 18 Va. App. at 117-18, 442 S.E.2d at 408, the defendant argued that a one-digit discrepancy in the certified mail number written on the request form and that on the certificate of analysis constituted a break in the chain of custody. Because all other identifying information on the two forms was consistent, this Court ruled that the discrepancy was a mistake and the trial court did not err in admitting the certificate.

As in Crews, the Commonwealth proved with reasonable assurance that the evidence the lab tested was the same evidence recovered from Mitchell's person. The trial court observed Item 3A at trial and noted it contained some lumps, which could be described as solid material. "Where there is mere speculation that contamination or tampering could have occurred, it is not an abuse of discretion to admit the evidence and let what doubt there may be go to the weight to be given the evidence." Reedy v. Commonwealth, 9 Va. App. 386, 391, 388 S.E.2d 650, 652 (1990). The evidence permitted the trial judge to find with reasonable certainty that the seized

---

[7] A defendant has "the right to call the person performing such analysis or examination or involved in the chain of custody as a witness therein, and examine him in the same manner as if he had been called as an adverse witness." Code § 19.2-187.1.

items had not been altered, substituted, or contaminated prior to analysis.  Accordingly, the trial court did not err in admitting the certificate of analysis, and we affirm Mitchell's conviction.

<u>Affirmed.</u>