COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


OSCAR ROBERT LEMEN

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2011-08-2                      JUDGE CLEO E. POWELL
                                                    DECEMBER 22, 2009

COMMONWEALTH OF VIRGINIA



                FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                              Ford C. Quillen, Judge

        John R. Maus for appellant.

        Benjamin H. Katz, Assistant Attorney General (William C. Mims,
        Attorney General, on brief), for appellee.


        Oscar Robert Lemen ("Lemen") appeals his convictions for forcible sodomy, in violation

of Code § 18.2-67.1, and object sexual penetration, in violation of Code § 18.2-67.2.  Lemen

contends that the trial court erred when it allowed the Commonwealth to introduce evidence of

uncharged misconduct in order to prove that Lemen committed the charged crimes.

                                      BACKGROUND

        On October 2, 2006, Lemen was charged with four counts of aggravated sexual battery,

seven counts of forcible sodomy, one count of attempted forcible sodomy, and seven counts of

object sexual penetration.  All of the charges related to the same victim:  a thirteen-year-old

female who was a friend of Lemen's daughter, "A.B."  A jury trial held on March 28, 2007

resulted in a mistrial when the jury could not reach a verdict.

        _____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Following the mistrial, the Commonwealth moved to *nolle prosequi* sixteen of the eighteen charges and sought to retry Lemen on only one count of forcible sodomy and one charge of object sexual penetration. On April 28, 2008, just prior to his retrial, Lemen filed a motion *in limine*, seeking to prevent the Commonwealth from introducing any testimony relating to the sixteen *nolle prosequied* charges. Lemen argued that the prejudicial nature of that testimony would outweigh its probative value. The trial court denied Lemen's motion.

At trial, the Commonwealth's primary witness was the victim. The victim testified about a number of incidents where Lemen either sexually or physically assaulted her. She stated that the incidents all occurred when she was thirteen years old; the first incident occurred in November of 2004 and the last occurred sometime before March 27, 2005, her fourteenth birthday.

The victim testified in detail about an incident where Lemen touched her between her legs. In response, the victim fled to a bathroom and remained there until she believed Lemen had gone upstairs. When she emerged from the bathroom, Lemen physically assaulted her and again touched her between her legs. The victim eventually freed herself and again hid in the bathroom until Lemen left. Later that same night, the victim told Lemen that she was scared of him. Lemen responded by sexually assaulting the victim for a third time.

The next morning, Lemen told the victim that if she told anyone about what had occurred, A.B. would be forced to live with her mother, which would cause her (A.B.) to kill herself. The victim testified that she believed Lemen's threat because she knew that A.B. had cut herself on previous occasions, having witnessed scars on A.B.'s arms and wrists. A.B. had also stated that she hated her life and wanted to die. Additionally, the victim testified that A.B. would suspect something if she (the victim) stopped visiting A.B. at Lemen's house.

The victim went on to testify about statements made by Lemen that caused her to believe that she was responsible for what had occurred. According to the victim, these statements made her feel "evil," which, in turn, caused her to give up resisting Lemen's advances. Finally, the victim testified about the two incidents which served as the basis for the charges against Lemen.

After hearing all of the evidence, a jury found Lemen guilty of forcible sodomy and object sexual penetration, and sentenced him to thirty-five years in prison. Lemen appeals.

ANALYSIS

Lemen argues that the trial court erred in denying his motion *in limine* and allowing the Commonwealth to introduce evidence of uncharged misconduct. "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). The burden of proving that the trial court erred is on the party objecting to the admission of the evidence. Dunn v. Commonwealth, 20 Va. App. 217, 220, 456 S.E.2d 135, 136 (1995).

It is generally recognized that "evidence that shows or tends to show crimes or other bad acts committed by the accused is incompetent and inadmissible for the purpose of proving that the accused committed or likely committed the particular crime charged." Morse v. Commonwealth, 17 Va. App. 627, 631, 440 S.E.2d 145, 148 (1994). However, "[w]ell established exceptions to the general rule of exclusion of other bad acts evidence apply where the evidence is relevant to show some element of the crime charged." Id. This Court has recognized that such evidence may be relevant:

> (1) to prove motive to commit the crime charged; (2) to establish guilty knowledge or to negate good faith; (3) to negate the possibility of mistake or accident; (4) to show the conduct and feeling of the accused toward his victim, or to establish their prior relations; (5) to prove opportunity; (6) to prove identity of the accused as the one who committed the crime where the prior

- 3 -

criminal acts are so distinctive as to indicate a modus operandi; or (7) to demonstrate a common scheme or plan where the other crime or crimes constitute a part of a general scheme of which the crime charged is a part.

Sutphin v. Commonwealth, 1 Va. App. 241, 245-46, 337 S.E.2d 897, 899 (1985).

Although there are a number of reasons why evidence of uncharged crimes may be relevant to show some element of the crimes charged, we confine our analysis in this case "to the reasons offered by the [Commonwealth] at trial." Scates v. Commonwealth, 262 Va. 757, 762, 553 S.E.2d 756, 759 (2001). At the hearing on Lemen's motion *in limine* the Commonwealth argued only that the evidence of the uncharged offenses was probative of Lemen's guilt because (1) it shows the conduct or feeling of Lemen towards the victim; (2) it shows the prior relations between Lemen and the victim; and (3) it proves the force, threat, or intimidation element of the offense.

This Court's ruling in Morse is particularly relevant to our analysis in the present case. In Morse, the defendant was charged with one count of marital sexual assault. 17 Va. App. at 628, 440 S.E.2d at 146. At trial, the victim was allowed to testify about several uncharged incidents in which the defendant "had acted violently toward her in demanding sexual intercourse." Id. at 629, 440 S.E.2d at 147. On appeal, this Court held that this testimony fell "within the exception allowing evidence of prior bad acts to show the conduct and feeling of the accused toward the victim and the prior relations between the parties to prove an element of the offense charged." Id. at 632, 440 S.E.2d at 148. This Court reasoned that such testimony "tends to prove that the [sexual act] in question was accomplished by conduct that was tantamount to a present threat of force . . . ." Id. This Court further noted that such evidence could be used to show the "victim's state of mind 'as to why she did what she did.'" Id.; see also Scott, 228 Va. at 527, 323 S.E.2d at 577 ("If the evidence of other conduct is connected with the present offense, or tends to prove any element or fact in issue at trial, it should be admitted.").

- 4 -

In light of <u>Morse</u>, we cannot say that the trial court in the present case erred in admitting evidence of Lemen's uncharged misconduct to prove that he committed the charged crimes. To prove forcible sodomy and object sexual penetration, the Commonwealth was required to prove that Lemen subverted the will of the victim "by force, threat or intimidation of or against the complaining witness or another person." Code §§ 18.2-67.1 and -67.2. At trial, the victim specifically testified that, as a result of his previous attacks, she was scared that Lemen was going to hurt her if she resisted him. She further testified that she continued to return to Lemen's house and did not tell anyone about the attacks because she "felt stuck"; she believed Lemen's threat that if she told anyone about his actions A.B. would find out and kill herself. Such testimony, if believed by the jury, would tend to demonstrate that the forcible sodomy and object sexual penetration were accomplished by actions that were tantamount to force, threat or intimidation. Thus, much like the testimony of the victim in <u>Morse</u>, the victim's testimony falls "within the exception allowing evidence of prior bad acts to show the conduct and feeling of the accused toward the victim and the prior relations between the parties to prove an element of the offense charged." <u>Morse</u>, 17 Va. App. at 632, 440 S.E.2d at 148.

CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>